### JENSEN v. NORTON et al.

(Circuit Court of Appeals, Ninth Circuit. November 1, 1894.)

#### No. 132.

PRELIMINARY INJUNCTION—PRACTICE—CIRCUIT COURT OF APPEALS.

N. brought suit against J. to restrain the infringement of patents belonging to N. Upon the bill, and affidavits supporting its material allegations, to which J. made no reply by answer or counter affidavits, N. obtained a preliminary injunction. On·appeal from the order granting such injunction, J. contended that, upon the showing of N.'s own papers, the machine complained of did not infringe N.'s patents. *Held*, that the circuit court of appeals would not, in advance of a final hearing in the circuit court, attempt to determine, or express any opinion upon, the main question in the case, the complainant having made out a prima facie case entitling him to an injunction, within the rule as laid down in Blount v. Societe Anonyme, 3 C. C. A. 455, 53 Fed. 98.

Appeal from the Circuit Court of the United States for the District of Oregon.

This was a suit by Edwin Norton and Oliver W. Norton against Mathias Jensen for infringement of certain·letters patent. A preliminary injunction was granted by the court below. Defendant appeals.

Wheaton, Kallock & Kierce, for appellant.

Munday, Evarts & Adcock, for appellees.

Before ROSS, HANFORD, and MORROW, District Judges.

HANFORD, District Judge. This case brings before us for review an order made by the circuit court for the district of Oregon, the substantial part of which is as follows:

"This cause having come on to be heard upon the motion of complainants for a preliminary injunction, as prayed for in the bill, and the court having duly considered thereon, it is now ordered by the court that, pending the final hearing and decree therein, the defendant, Mathias Jensen, his agents, attorneys, servants and employés, be, and they hereby are, enjoined and restrained from either directly or indirectly making, constructing, using, or vending to others to use, any of the machines, devices, or inventions named or described in either of the following letters patent, the same being the letters

patent mentioned and described in the complainants' bill of complaint, to wit: Patent No. 267,014, as to claims one and two thereof; patent No. 274,-363, as to claims six and seven thereof; patent No. 294,065, as to claim fourteen thereof; patent No. 322,060, as to claims one, two, six, and seven thereof,—or any other machine, device, or invention constructed and operated in the manner or upon the principles described in said letters patent or either of them, as to said respective claims heretofore mentioned, and particularly from making, selling, or using, or vending to others to sell or use, the machine shown and described in the letters patent No. 443,445, issued to Mathias Jensen, December 23d, 1890."

The bill of complaint, in brief, avers that the complainants (appellees in this court) are the sole owners and have a clear title to all the rights and privileges granted by the several patents numbered respectively 267,014, 274,363, 294,065, and 322,060; that the defendant (appellant in this court), at and previous to the time of commencing this suit, was engaged in the making, selling, and use of a machine constructed in accordance with the specifications and drawings of letters patent No. 443,475, granted to him December 23, 1890; that said machine is a mere improvement upon and infringement of the complainants' patents; that said defendant proposes to continue to manufacture, vend, and use said infringing machine at Astoria, in the district of Oregon, and elsewhere, without license from the complainants, and to their injury; and that in a previously litigated case, to which the defendant was a party, each of said patents owned by the complainants was by said circuit court decreed to be valid, and a machine therefore manufactured by said defendant, which is in all material particulars the same as the one now complained of, was decreed to be an infringement of plaintiff's said patents, which decree was after a full hearing affirmed by this court. The bill is supported by affidavits covering all the material facts, and copies of all the patents referred to, with specifications and drawings, are annexed as exhibits to the complaint and affidavits. A rule to show cause was entered and duly served a reasonable time before granting the provisional injunction, but no answer or other pleading was filed nor counter proof offered by the defendant. By the assignment of errors, and the argument of his counsel in this court, he contends that the complainants have shown affirmatively that his machine differs from the inventions covered by the several patents owned by the complainants, and is not an infringement.

We recognize in the defendant's new machine for bringing together the cylinders and heads or end pieces of tin cans, and crimping the flanges with accuracy and rapidity, a useful improvement. Nevertheless, we must disappoint his hope at this time, for, until a complete determination of the controversy by the circuit court, this court cannot, consistently with good practice, pass judgment upon the main question. This machine does all the work of the previously patented inventions. That is a conceded fact. We must also consider the uncontradicted averments of the bill and the affidavits to the effect that said machine embodies all the elements in the combinations claimed by the complainants and protected by their patents, and that it does infringe said patents. Without allegations or testimony on the part of the defendant, we have no

right to decide that, as a matter of law, use of a new machine which operates so as to produce the same results as previously patented inventions is not an invasion of the rights granted by the patents, unless it appears to us to be so obvious that infringement has been avoided that intelligent persons cannot honestly differ in their opinions upon that subject. When a plaintiff in a court of equity brings a suit in good faith to obtain preventive relief against a threatened injury, and makes a showing of facts sufficient to constitute a cause of action within the jurisdiction of the court, and shows that his adversary intends to, and probably will, ere a hearing can be had, commit acts which may work irreparable injury to him, it becomes the duty of the court to exercise its power at once by issuing an injunction so as to maintain the status quo until the cause can be properly heard and decided. Manifestly, therefore, the court cannot, upon a mere application for a provisional injunction, decide disputed questions affecting the merits of the main controversy. The rule on this subject applicable to cases involving rights claimed under patents granted pursuant to the laws of the United States is so well set forth and supported by authorities in the decision of the United States circuit court of appeals for the Sixth circuit in the case of Blount v. Societe Anonyme, 6 U. S. App. 335, 3 C. C. A. 455, 53 Fed. 98, that we might safely dispose of this case for the present by confirming the order appealed from, upon the authority of that case. In view of the admitted facts and the uncontradicted evidence, the defendant's contention appears to us to be unreasonable. Duty does not require this court, in advance of a final hearing in the circuit court, to take up the challenge of counsel to prove by a comparison of the rival machines in detail, and a complete analysis, that they are substantially identical. We leave the circuit court free to decide the case in the first instance, untrammeled by any expression of opinion by this court upon the merits. The cause will be remanded for further proceedings, with instructions to continue the injunction.