BOWERS DREDGING CO. et al. v. NEW YORK DREDGING CO. et al.

(Circuit Court, D. Washington, W. D. December 16, 1896.)

1. PARTIES IN PATENT SUITS.

A principal contractor, whose subcontractor uses an alleged infringing machine in doing the work, is a proper defendant to an infringement suit, and cannot be heard to say that its subcontractor should be made a defendant.

2. SAME—CORPORATIONS—EMPLOYES AND AGENTS.

A corporation sued for infringement cannot be heard to complain because its employés and agents have been joined as defendants.

**3. PATENT INFRINGEMENT SUITS—PRELIMINARY INJUNCTIONS.**

In a suit founded upon a patent, the complainant is not entitled to a provisional injunction pendente lite, unless the patent has been previously established by the final judgment of a court of competent jurisdiction, after a full hearing upon the merits, or unless it be shown by clear and satisfactory evidence that the patent is valid, and that the defendant intends to, and will if not restrained, infringe the same, and that such infringement, during the continuation of the litigation, will work irreparable injury to the complainant.

**4. SAME—PRIOR ADJUDICATIONS—DECREES BY CONSENT.**

Judgments and decrees entered by consent, pursuant to a compromise, between the parties in patent cases, do not establish the validity of patents involved.

**5. SAME—APPEALED CASES.**

A judgment or decree upholding the validity of a patent cannot be regarded as final, for the purpose of establishing the validity of a patent, if the cause in which such judgment or decree has been rendered has been subsequently removed into an appellate court for review, and remains undetermined and pending in the appellate court.

**6. SAME—WHEN INJUNCTION GRANTED.**

In suits upon patent rights, so long as there is a substantial controversy as to the equities of the parties, maintained in good faith, the court will not dispose of those equities on a motion for an interlocutory injunction; and such relief will be refused where the granting of the application might seriously imperil the defendants' rights, and its refusal will not endanger the plaintiffs' rights to the same extent.

In Equity. Bill for an injunction by the Bowers Dredging Company, Alphonzo B. Bowers, and John B. Brown, against the New York Dredging Company and certain employés and agents of said company, to restrain the defendants from infringing United States patent No. 318,859, for a dredging machine, granted to Alphonzo B. Bowers. The cause was heard upon the complainants' application for an injunction pendente lite.

John H. Miller and Campbell & Powell, for complainants.

R. Percy Wright and E. C. Hughes, for defendants.

HANFORD, District Judge. The patent upon which this suit is founded is described in the opinion of Judge McKenna in the case of Bowers v. Von Schmidt, 63 Fed. 572–584. The bill of complaint and affidavits on part of the complainants show that the Bowers Dredging Company is a corporation organized under the laws of the state of Illinois, and is operating and transacting business in the state of Washington, and, by an assignment from the patentee, has the sole right to use the invention covered by the above-mentioned letters patent, within the boundaries of the state of Washington, except at Gray's harbor; that said patent was duly issued to Alphonzo B. Bowers, in the year 1885, and that, since the date thereof, the utility and value of the patented invention have been recognized and admitted by many persons interested in the use of machinery for dredging and deepening the channels of rivers and waterways, and the invention has been successfully used in numerous places within the United States, and large amounts of capital have been expended in the construction of machinery according to the specifications and drawings of said patent, and operated successfully under licenses from the patentee; that a large number of suits and actions have been commenced and prosecuted

for infringements of said patent, which suits and actions have been compromised and settled; that in a suit in equity upon said patent by Alphonzo B. Bowers, against A. W. Von Schmidt, in the United States circuit court for the Northern district of California, after a trial upon the merits, a decision and decree were rendered by the said court in favor of said Bowers, and against Von Schmidt, whereby the 10th, 15th, 25th, 53d, 54th, and 59th claims of said patents were upheld, and the validity thereof established; that subsequently an action at law and a suit in equity were commenced in the United States circuit court for the Northern district of California, by the said Alphonzo B. Bowers, against the San Francisco Bridge Company, for infringing the several claims of said patent above enumerated, by using a certain dredging vessel and machinery named the "Atlas," and sometimes called the "Oakland"; that, in said action and suit in equity, the defendant therein, in its defenses, disputes the validity of said patent; but no attack upon said patent in any judicial proceeding has been successful, and a great deal of testimony has been taken, to be used upon the final hearing in the said suit in equity, which, in the opinion of counsel, is amply sufficient to establish the validity of said patent. The bill of complaint also avers that the New York Dredging Company has entered into contracts for dredging in the harbors of Olympia and Everett, and in Swimomish Slough, within this state, which contracts were obtained by bidding in competition against the complainant the Bowers Dredging Company; and that, in making said improvements, a certain dredging machine, called the "Atlas," which is an infringement of said patent, and is the identical dredger involved in the litigation with the San Francisco Bridge Company, above mentioned, is being used; and that, by the use of said infringing machinery during the pendency of this suit, the Bowers Dredging Company will suffer damages, for which there exists no adequate remedy at law.

The defendants, without having answered the bill of complaint, have, by affidavits, denied the equities of the bill, by alleging that the said patent is void for want of novelty and invention; and, if valid at all, the same does not cover nor vest in the complainants any right to a monopoly in the use of such machinery as the defendants are using, and they deny that the machinery in the dredging machine called the "Atlas" in any wise infringes the aforesaid patent. It is also shown on behalf of the defendants that the New York Dredging Company is not engaged in making the improvements referred to, nor in the use of the dredger Atlas, but that, having obtained contracts for making said improvements, has sublet the work to the San Francisco Bridge Company, the defendant in the action and suit above referred to. The defendants also show that the decision and decree in the case of Bowers v. Von Schmidt, above referred to, has been, in effect, suspended by the taking of an appeal in said cause to the circuit court of appeals for the Ninth circuit, and that said cause remains undetermined and pending in said appellate court; and they also show that important evidence not submitted upon the trial of said cause in the United States cir-

cuit court for the Northern district of California has been discovered, which can be now produced, whereby they can prove that the said Alphonzo B. Bowers was not the original and pioneer inventor of machinery for excavating under water, and carrying the material excavated, and depositing the same at a distance, in one operation, by hydraulic process and atmospheric pressure, but, on the contrary, improvements in apparatus for raising mud and soil from the bottoms of rivers and other waterways, and depositing the same upon the bank or elsewhere, similar to the machinery in the Atlas, are fully described, and specifications and drawings therefor were published in the year 1856, in an English patent, granted to Lewis Schwartzkopff, and a copy of said English patent has been produced and submitted for the inspection of the court. A large number of other American and foreign patents have also been introduced upon the hearing, for the purpose of showing that the Bowers patent, instead of covering an original and pioneer invention, was anticipated by numerous prior patented inventions, and that said Bowers patent, if valid for any purpose, covers only improvements in machinery previously well known and in general use. The defendants also show that the action and suit in equity against the San Francisco Bridge Company, in the United States circuit court for the Northern district of California, is being defended in good faith, and no final adjudication has been obtained therein; that the action at law referred to came on for trial before the court and a jury, and the trial resulted in the disagreement of the jury; and, in the equity case, Judge McKenna refused to grant an interlocutory injunction, upon the ground that, the San Francisco Bridge Company being solvent, the complainants have an adequate remedy in an action for damages. See Bowers v. Bridge Co., 69 Fed. 640–645.

Counsel for the respective parties have been energetic and painstaking in making a full presentation of questions as to the merits of the Bowers patent; and on the part of the defendants it is insisted that the San Francisco Bridge Company is a necessary party to this cause. This last point will be first disposed of. I hold that the New York Dredging Company, being the principal contractor, and responsible for making the improvements described, in which the Atlas is employed, and having failed to enter a disclaimer, is a proper party to the suit, and that said company has no right to complain because the defendants Lockwood and others have been joined as co-defendants, nor should said company be heard to say that its subcontractor, the San Francisco Bridge Company, should be made a defendant in the cause.

I deem it unnecessary at this stage of the case to make a careful and minute examination of the details of the several claims of the Bowers patent involved in this controversy, and to make the comparisons with the numerous specifications and drawings introduced upon the hearing, for the purpose of showing the prior state of the art, which would be necessary to an intelligent decision of the questions affecting the main controversy which counsel have argued. I hold that the court is justified in reserving its opinion upon questions going to the merits whenever there appears to be a recog-

nized principle of law which must govern the decision of the particular questions necessary to be considered in ruling upon the application for an interlocutory order.

From the consideration which I have given this case, I find that the following principles must be applied in making my decision: First. In a suit founded upon a patent, the complainant is not entitled to a provisional injunction pendente lite, unless the patent has been previously established by the final judgment of a court of competent jurisdiction, after a full hearing upon the merits, or unless it be shown by clear and satisfactory evidence that the patent is valid, and that the defendant intends to, and will if not restrained, infringe the same, and that such infringement, during the continuation of the litigation, will work irreparable injury to the complainant. Second. Judgments and decrees entered by consent, pursuant to a compromise, between the parties in patent cases, do not establish the validity of patents involved. Third. A judgment or decree upholding the validity of a patent cannot be regarded as final, for the purpose of establishing the validity of a patent, if the cause in which such judgment or decree has been rendered has been subsequently removed into an appellate court for review, and remains undetermined and pending in the appellate court. Fourth. In suits upon patent rights, so long as there is a substantial controversy as to the equities of the parties, maintained in good faith, the court will not dispose of those equities on a motion for an interlocutory injunction, and such relief will be refused where the granting of the application might seriously imperil the defendants' rights, and its refusal will not endanger the plaintiffs' rights to the same extent. 2 High, Inj. § 939.

The application of these principles must deprive the complainants at this time of all right to rely upon prior adjudications. They come into this court virtually confessing that the validity of the Bowers patent has never been established by a final adjudication in any litigated case, and that the question whether or not the identical dredging machine complained of in this case as an infringement of their rights under the patent does infringe is the subject of controversy and litigation in another court. So long as that controversy continues, the rules of chancery practice preclude the granting of affirmative relief, until after a full consideration of the evidence upon the final hearing, and a decision in their favor upon the merits.

In the case of Jensen v. Norton, 12 C. C. A. 608, 64 Fed. 662–664, the circuit court of appeals for this circuit gives another rule, in the following words:

"When a plaintiff in a court of equity brings a suit in good faith to obtain preventive relief against a threatened injury, and makes a showing of facts sufficient to constitute a cause of action within the jurisdiction of the court, and shows that his adversary intends to, and will, ere a hearing can be had, commit acts which may work irreparable injury to him, it becomes the duty of the court to exercise its powers at once, by issuing an injunction, so as to maintain the status quo until the cause can be properly heard and decided."

That was a case in which the patent sued upon had been sustained and given a broad construction by the final decision of the

court of last resort. The defendants admitted doing the acts which were complained of as infringing, and resisted the application for an interlocutory injunction, on the ground that the machinery which they had constructed for doing exactly the same kind of work by substantially the same process as the mechanism described in the plaintiffs' patent was, nevertheless, so different in the details of its construction and operation as to avoid infringement, and they relied entirely upon a comparison of the different devices to make their defense good. The rule applied in that case, while of general application, has its limitations. It is not necessarily inconsistent with the principles above set forth. The chancellor is called upon to exercise a sound discretion, and, upon consideration of all the recognized rules governing equity practice, and the facts in each particular case, he must apply the rule which will come the nearest to working out complete equity between the parties. Now, as I view the situation of the parties, the defendants and people to be benefited by the harbor improvements which they have undertaken to make will probably sustain heavy losses, and be subjected to inconvenience, by being prevented from using the Atlas, and, if it should be finally adjudged that this vessel is not an infringement of the valid claims of the Bowers patent, they will have suffered deprivation of legal rights, for which they will be without adequate remedy. On the other hand, if the plaintiffs finally prevail, the exact amount necessary to compensate them for the infringement can be computed and recovered in an action for damages. The showing as to the solvency of the defendants goes only to this extent: that the New York Dredging Company does not own property within this jurisdiction. From this I may fairly infer that said company is responsible, and any liability for damages which it may incur can be, with but little extra trouble, enforced by a court having jurisdiction where its property may be found.

It is my conclusion that there must be a decree denying the present application, but with leave to renew the application before the final hearing, upon a further showing, if the complainants shall elect to do so.