HARTFORD et al. v. HOLLANDER et al.

(Circuit Court, S. D. New York. November 26, 1907.)

PATENTS—VALIDITY AND INFRINGEMENT—SHOCK ABSORBER FOR SPRING VE-
HICLES.

> The Truffault reissued patent, No. 12,437 (original No. 695,508), for a
> frictional retarding means for spring vehicles, claims 1 to 10, inclusive,
> are void as not for the same invention claimed in the original patent. Re-
> issued patent No. 12,399 (original No. 743,995), to the same patentee for
> an antivibration device for vehicles, *held*, not infringed.

In Equity. Suit for infringement of reissue letters patent No.
12,437 (original No. 695,508) for a frictional retarding device for
spring vehicles issued January 16, 1906, to Jules M. M. Truffault, and
reissue No. 12,399 (original No. 743,995), issued November 7, 1905,
to the same patentee for an antivibration device for vehicles. On final
hearing.

Arthur J. Baldwin and Clifford E. Dunn, for complainants.
John A. Straley and Conrad A. Dieterich, for defendants.

PLATT, District Judge. Upon the hearing it struck me that the
complainant had no case, unless he was entitled to a construction of
patent No. 1 in suit, which would prevent any trespassing upon the
broad monopoly of a rotary shock absorber as an adjunct to vehicle
springs. As I listened I could not think that the situation disclosed
such a monopoly. Upon taking the matter up again, my first impres-
sions are intensified. In the original patent the inventor disclosed
three ways of using friction to retard shocks and claimed their com-
bined use produced from a unitary motive power. He neither said
nor claimed that any one of them would do what he wanted to do.
The third described means was incidental to and supplemental of the
others. He had no notion that alone it was all sufficient. In his re-
issue he admits that claims 1 and 2 of his original patent were too
broad. He discarded them, and adopted claim No. 6 as the basis
of his reissue. This he calls "No. 11" in his reissue. From that he
carves out the 10 claims upon which he sues, but fails to put No. 11
at issue. I cannot avoid the conclusion that, by narrowing the num-
ber of means, he broadens the scope of his invention. He has not
therefore reissued for the same invention. The patentee's action does
not, to my mind, savor of a square deal with the rest of the commun-
ity. Whatever advantages the complainants can get in a business
way they are entitled to, but I cannot feel that the patent law should
be put at their disposal in that struggle.

I can see no merit in the latter part of the case, which deals with
the trade-mark and unfair competition. It was not pressed in the
application for preliminary injunction, nor in the final proofs, nor at
my hearing. Complainant now says that it has registered "Absorber"
as a trade-mark at Washington, but such action does not change my
views. Reasons for the conclusion which I have reached are as plen-
tiful as blackberries in the season, but experience has taught me that,
if I begin to set them down upon paper, there will be no end in sight,

and the stress of affairs which has come upon me of late is my excuse for halting on the threshold.

Let the bill be dismissed, with costs.