HARTFORD et al. v. HOLLANDER et al.

(Circuit Court of Appeals, Second Circuit. August 25, 1908.)

No. 239.

PATENTS—INFRINGEMENT—SHOCK ABSORBER FOR SPRING VEHICLES.

The Truffault reissue patents No. 12,437 (original No. 695,508), for a frictional retarding means for spring vehicles, and No. 12,399 (original No. 743,995), for an anti-vibration device for vehicles, both *held* valid and infringed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

For opinion below, see 158 Fed. 103.

Dunn & Turk (Thomas W. Bakewell, Arthur J. Baldwin, and Clifford E. Dunn, of counsel), for appellants.

Before COXE, WARD, and NOYES, Circuit Judges.

PER CURIAM. This is a suit for the alleged infringement of reissue letters patent Nos. 12,437 and 12,399, issued January 16, 1906, and November 7, 1905, respectively, to J. M. M. Truffault, assignee of the complainants. The first patent is for frictional retarding means for spring vehicles; the second, for anti-vibration devices for vehicles. Infringement of complainant's trade-mark "Shock Absorber" and unfair competition are also charged. The Circuit Court found that the first-mentioned reissue patent was invalid, and that the charges of unfair competition and trade-mark infringement were without merit, and dismissed the bill.

Upon this appeal the appellant only has appeared. Being, therefore, without the benefits accruing from a presentation of both sides of the case, we deem it advisable only to consider the particular grounds upon which the Circuit Court acted, and shall not consider ourselves precluded from examining anew other questions and reaching a different conclusion should another case be fully presented. Infringement of the first patent in suit by the defendants' device is obvious, and the patent, in the absence of anything urged to the contrary, appears to be valid unless the reasons stated by the Circuit Court establish invalidity.

The original patent of which the first patent in suit is a reissue was granted in 1902. In this patent the first two claims are the broadest, covering the combination with the spring of a vehicle of nonpneumatic frictional means for producing a retarding effect upon its movement. These claims were comprehensive enough to cover friction in any form other than pneumatic in which it might be applied in retarding spring action. The specifications with the accompanying drawings

were more limited than these claims, but showed these three frictional devices applied to the front of a tricycle:

(1) A rod provided with a piston, the circumference of which engaged the interior of a portion of the tricycle frame in which compression springs arranged to act as springs for the tricycle were located. The friction between the piston and the interior of the frame tended to retard the action of the springs.

(2) Upwardly extending arms carrying friction pads were attached to the fork of the tricycle and gripped the frame above, "thus also aiding by friction to retard the upward movement of the wheel with a yielding resistance."

(3) A movable connection between the frame and the running gear of the tricycle also furnished a frictional means for retarding the spring action. This was accomplished by arms coupled at one end to a bar at the rear of the front wheel and reaching to the branches of the fork. The coupling was provided with conical surfaces and washers, so that "the cones * * * bear frictionally on the washers and offer yielding resistance to the rotation of the bolt in the eye." In other words, the coupling was a rotary friction device which retarded the movement of the spring, and the tension of which could be regulated by a nut.

In 1905 the inventor applied for a reissue of this patent which was granted in 1906. At this time he was evidently only interested in the third means for retarding spring action shown in the original patent —the rotary device. The reissue patent contains 10 claims, but all either specifically or necessarily apply only to the rotating form of frictional retarding means. It would seem evident, therefore, that the reissue limited the claims of the patent. The original claims purported to cover any nonpneumatic frictional device. The reissue limits the claims to the rotary type of device.

The Circuit Court, however, said:

"In the original patent the inventor disclosed three ways of using friction to retard shocks and claimed their combined use, produced from a unitary motive power. He neither said nor claimed that any one of them would do what he wanted to do. The third described means was incidental to and supplemental of the others. We had no notion that alone it was all sufficient."

From these premises the court necessarily reached the conclusion that the inventor by narrowing his claims had actually broadened his invention and that the reissue was invalid. This finding of the Circuit Court is based upon the fact which we have noticed that the inventor illustrated his three frictional devices as acting in conjunction upon a tricycle. And there is foundation for this finding. Not only do the drawings show all the devices acting together, but there is much in the specifications indicating an expectation that they would be so used.

Still, taking the claims, specifications, and drawings together, and in view of the principle that doubt should be resolved in favor of the patent, we are of the opinion that the original patent covered the rotating device separately, as well as when acting in conjunction with the other devices, because:

(1) The specifications speak of the several devices for producing friction, and state that the invention may be embodied in various ways and by varying details of mechanism.

(2) The specifications state that the invention is particularly for use upon motor cars where it is obvious that only the rotating form could be employed.

(3) The sixth claim of the patent covers specifically the rotating device and the first two claims are broad enough to cover such form.

It follows, therefore, in our opinion that the reissue of the first patent is not invalid upon the ground stated by the Circuit Court, and, as we find infringement, the decree must be reversed. The second patent in suit is not open to the objections already considered as a reissue patent, and is not referred to in the opinion of the Circuit Court. Nothing is urged here to show the invalidity of such patent and infringement seems clear. From an examination of the record we think the second patent valid and infringed, but in so ruling shall, as already stated, consider ourselves free to reach a different conclusion should another case arise in which the defenses are fully presented.

The decision of the Circuit Court with respect to the claims of unfair competition and trade-mark infringement was correct.

The decree of the Circuit Court is reversed, with costs, and the cause is remanded, with instructions to enter a decree in favor of the complainant with respect to both patents in suit for an injunction, accounting, and costs.