### HARTFORD et al. v. WESTEN MFG. CO. et al.

(Circuit Court, D. New Jersey. September 4, 1909.)

1. PATENTS (§ 295*)—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

A motion for a preliminary injunction to restrain infringement of a patent is addressed to the sound discretion of the ˈurt, and, to justify the granting of such an injunction, complainant's case must exhibit a right free from doubt or reasonable dispute by showing either, first, a prior adjudication sustaining the patent after a bona fide and vigorous contest, or, second, a continuous public acquiescence of such character as

---

to be the equivalent of an adjudication, or, third, by clear and satisfactory evidence that the patent is valid.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 474, 488; Dec. Dig. § 295.*

Grounds for denial of preliminary injunctions in patent infringement suits, see note to Johnson v. Foos Mfg. Co., 72 C. C. A. 123.]

2. PATENTS (§ 328*)—INFRINGEMENT—RETARDING MEANS FOR SPRING VEHICLES.
A motion for preliminary injunction to restrain infringement of the Truffault reissue patent, No. 12,437 (original No. 695,508), for a frictional retarding means for spring vehicles, denied.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

In Equity. Suit for infringement of letters patent, reissue number 12,437, original number 695,508, for a frictional retarding means for spring vehicles, granted to Jules Michel Marie Truffault March 18, 1902, assigned to Edward V. and George H. Hartford, two of the complainants.

On motion for preliminary injunction. Denied.

Dunn & Turk, for the motion.
Conrad A. Dietrich (Robert H. McCarter, of counsel), opposed.

RELLSTAB, District Judge. This is a motion for a preliminary injunction. To justify the issuing of a preliminary injunction, the case shown by the complainants must exhibit a right free from doubt or reasonable dispute. Roberts v. Scull, 58 N. J. Eq. 396, 43 Atl. 583; Hall Signal Co. v. Gen. Ry. Signal Co., 153 Fed. 907, 82 C. C. A. 653.

The letters patent, while prima facie evidence of validity, is not sufficient to warrant the granting of such an injunction, unless accompanied by other facts showing, first, a prior adjudication sustaining the patent after a bona fide and vigorous contest; or, second, a continuous public acquiescence of such character as to be the equivalent of an adjudication; or, third, that on the hearing it be shown by clear and satisfactory evidence that the patent is valid. Palmer Pneumatic Co. v. Newton Rubber Works (C. C.) 73 Fed. 218; Bowers Dredging Co. v. N. Y. Dredging Co. (C. C.) 77 Fed. 980.

Such an application is always addressed to the sound discretion of the court.

The bill is in the usual form to restrain the infringement of patents, and to recover damages incurred by such infringement. It alleges that other infringers, after notice and a more or less vigorous contest, acquiesced in complainants' rights under such patent, and that such patent was expressly adjudicated as valid in complainants' suit against Edward R. Hollander et al. by the United States Circuit Court of Appeals, Second Circuit. Hartford et al. v. Hollander et al., 163 Fed. 948, 90 C. C. A. 308.

The moving affidavits fully sustain the several allegations of fact contained in the bill. The affidavits in opposition deny infringement and validity of complainants' patent, and set up a number of anticipatory patents.

Without attempting to determine the rights of the matter on these ex parte affidavits, a task always better performed on final hearing when the court has the benefit of searching cross-examination and more

rigid investigation of disputed claims, it is sufficient for present purposes to say that enough doubt has been raised as to the validity of the complainants' patent to prevent the granting of a preliminary injunction, unless the adjudication cited removes the question of validity from present consideration. The case last mentioned does adjudicate such patent valid. Such an adjudication is not res adjudicata in another suit, even between the same parties, unless it appears by the record or extrinsically that the precise question was raised and determined in the former suit. Russell v. Place, 94 U. S. 606, 24 L. Ed. 214; Truman v. Carvill Mfg. Co. (C. C.) 87 Fed. 474.

However, a final adjudication sustaining a patent which is the result of an honest, earnest, and efficient litigation, free from any suspicion or collusion or arrangement between the parties, or negligent abandonment of the defense, is conclusive on an application for a preliminary injunction in a subsequent suit. But all other adjudications are at most only persuasive, and it is open to the court in a subsequent suit to re-examine the case de novo. Societe Anonyme Du Filtre Chamberland Systeme Pasteur et al. v. Allen (C. C.) 84 Fed. 812.

Complainants' patent was first adjudicated invalid. Hartford et al. v. Hollander et al. (C. C.) 158 Fed. 103. The Circuit Court stated there were a number of reasons for reaching such conclusion. It gave but one, however, viz., that the patentee had in his reissue broadened the scope of his invention. In the trial court there was a strenuous contest, but in the Court of Appeals (S. C. 163 Fed. 948, 90 C. C. A. 308) the complainant as appellant appeared unopposed, the defendants having no further interest in the proceedings, having become bankrupt in the meantime.

The appellate court, after argument, reversed the finding below, and determined that the patent was valid, in doing so, however, expressly stating that it would consider only the reason given by the Circuit Court in holding the patent invalid and that it was not precluded from examining anew other questions and reaching a different conclusion should another case be fully presented; the language of the court on this subject being as follows:

"Upon this appeal the appellant only has appeared. Being, therefore, without the benefits accruing from the presentation of both sides of the case, we deem it advisable to consider only the particular grounds upon which the Circuit Court acted, and shall not consider ourselves precluded from examining anew other questions and reaching a different conclusion should another case be fully presented. Infringement of the first patent in suit by the defendants' device is obvious, and the patent, in the absence of anything urged to the contrary, appears to be valid unless the reasons stated by the Circuit Court establish invalidity."

The adjudication here is expressly limited to the one question, whether the reissued patent was invalid because it broadened the scope of the original patent.

In the present litigation other and, so far as adjudication is concerned, entirely new questions relating to the prior art are raised, which attack the validity of such patent. In view of this, such adjudication cannot be regarded as even persuasive on such other questions, and the motion for the preliminary injunction is denied.