CARPENTER et al. v. KNOLLWOOD CEMETERY et al.

(Circuit Court, D. Massachusetts.  June 30, 1911.)

No. 701:

1. INJUNCTION (§ 132*)—INTERLOCUTORY INJUNCTION—NATURE—PURPOSE.

An interlocutory injunction is a mere provisional remedy intended to preserve property in statu quo until a hearing can be had on the merits.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 302; Dec. Dig. § 132.*]

2. INJUNCTION (§ 134*)—PRELIMINARY INJUNCTION.

Whether a preliminary injunction shall be granted depends on whether there is a substantial question between the parties and on the relative degree of injury that will be caused by the preservation of the property in statu quo until final hearing.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 303; Dec. Dig. § 134.*]

3. INJUNCTION (§ 136*)—PRELIMINARY INJUNCTION—SALE OF CEMETERY PROPERTY.

Where complainants interested in a cemetery instituted a suit to restrain the association from selling its remaining cemetery lands at one time at public auction, claiming that such sale was contrary to the association's charter, by-laws, and a prior agreement, and it was found by a master that the sale was to liquidate the interest of shareholders under such agreement and emancipating the corporation therefrom, that the sale was in violation of the association's by-laws, would operate to repeal certain of them, and would operate to give nonconsenting shareholders very small amounts instead of substantial returns which they had a right to expect from their investment under the plan set forth in the agreement, and would result in the acquisition of the property by a speculative syndicate to the exclusion of parties who had vested legal and equitable rights in the property, complainants were entitled to a preliminary injunction to prevent such sale until a hearing on the merits.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 305, 306; Dec. Dig. § 136.*]

In Equity.  Suit by Reese Carpenter and others against Knollwood Cemetery and others.  On motion for a preliminary injunction.  Granted.

Francis E. Baker, C. H. Tyler, O. D. Young, and I. H. Ellis, for complainants.

Atherton N. Hunt and A. L. Harwood, for defendant Knollwood Cemetery.

Joseph W. Lund, for defendant Beacon Trust Co.

Warren, Garfield, Whiteside & Lamson, for defendant Puritan Trust Co.

Barney & Lee and Thomas Z. Lee, for John J. Cameron.

Wendell P. Murray, pro se.

COLT, Circuit Judge.  This case is now before the court on motion for a preliminary injunction.  As the defendants' counsel, and to some extent the complainants' counsel, have treated the case as if it were before the court on final hearing, it may be well at the outset to refer to some of the elementary principles governing motions of this character.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] An interlocutory injunction is merely provisional in its nature, and does not conclude any right. Its object and effect are merely to preserve the property in statu quo until a hearing on the merits. [2] The first question to be determined is whether the case shows that there is a substantial question between the parties. If the court is satisfied that there is no substantial question to be tried, no injunction will issue; on the other hand, if it appears that there is a substantial question in the case, then the court will address itself to the second question, namely, the relative degree of injury which will be caused by the preservation of the property in statu quo until final hearing. If it appears that by granting this relief the injury to the respondents will be serious and the injury to the complainants comparatively slight, the injunction will be refused. If, however, it appears that the injury to the complainants will be serious, and the injury to the respondents comparatively slight, the injunction will be granted. Kerr on Injunctions (2d Ed.) pp. 12, 16, 17; High on Injunctions (4th Ed.) §§ 4, 5, 13; Russell v. Farley, 105 U. S. 433, 437, 26 L. Ed. 1060; Shrewsbury & Chester Railway Company v. Shrewsbury & Birmingham Railway Company, 1 Sim. (N. S.) 410; Glascott v. Lang, 3 Milne & C. 451, 455; Great Western Railway Company v. Birmingham Railway Company, 2 Phil. Ch. 597; Jensen v. Norton, 64 Fed. 662, 12 C. C. A. 608; Buskirk v. King, 72 Fed. 22, 18 C. C. A. 418; New Memphis Company v. Memphis (C. C.) 72 Fed. 952; City of Newton v. Levis, 79 Fed. 715, 25 C. C. A. 161; Southern Pacific Company v. Earle, 82 Fed. 690, 27 C. C. A. 185; Denver & Rio Grande Railroad Co. v. United States, 124 Fed. 156, 59 C. C. A. 579; Harriman v. Northern Securities Company (C. C.) 132 Fed. 464; Goldfield Consolidated Mines v. Goldfield M. U. (C. C.) 159 Fed. 500.

[3] Applying these principles to the case at bar, I am satisfied that there is a substantial question to be determined in this case, namely whether the Knollwood Cemetery, under its charter, by-laws, and the Cameron agreement, can sell its remaining cemetery lands at one time at public auction without the consent of all the parties in interest.

Upon this general question the master has found as follows:

"(25) The proposition to sell the unsold portions of the cemetery property at public or private sale at such prices as the directors shall determine, for the purpose of liquidating the interest of the shareowners under the Cameron agreement and emancipating the corporation from that agreement is in effect a nullification of the Cameron agreement.

"(26) Such action cannot lawfully be taken without the unanimous consent of the land shareowners under the Cameron agreement, which consent has not been obtained.

"(27) The proposed sale, while nominally for cemetery purposes, is in fact a sale for the purposes of reorganization and its result would be to nullify the provisions of the Cameron agreement without the consent of all the shareowners thereunder and permit of the proceeds of the sale of the use of lots and plats in the cemetery to be divided contrary to the provisions of the charter.

"(28) The proposed sale of the property is in violation of the provisions of article 12 of the by-laws.

"(29) The proposed repeal of said by-law by action of the directors would be illegal and void."

"(32) The effect of the proposed sale would be to give to the nonassenting

land shareowners a very small amount instead of the substantial returns which they have a right to expect from their investment under the plan set forth in the Cameron agreement and as set forth in the charter of the cemetery.

"(33) No plan for purchasing the property has apparently been worked out, and a sale may result in the acquisition of the property by a speculative syndicate and in the exclusion of parties who have vested legal and equitable rights in the property."

These conclusions of the master were reached after a full hearing and a careful consideration of the case. Without passing upon the question whether the master was right in his conclusions—a question which cannot properly be determined on this motion—it does appear from these findings, and from the able arguments of counsel on both sides, that this case presents substantial and serious questions to be judiciallly determined.

Upon the question of the comparative injury to the parties if this property remains in statu quo until final hearing, it is clear that, while the defendants may suffer some inconvenience, a serious injury may result to the complainants if the readjustment plan is carried out and the remaining cemetery lands sold at public auction before the questions raised by this bill are judicially settled. The very fact that the complainants contest the validity of the proposed sale would naturally seriously affect the price which could be obtained.

Upon the whole, it seems to me that the complainants have made out a case in which a preliminary injunction should be granted.

Motion granted.