CARPENTER et al. v. KNOLLWOOD CEMETERY et al.

(District Court, D. Massachusetts. February 16, 1912.)

No. 162 (701).

1. Costs (§ 134*)—Bond for Costs—Additional Bond.
Where, in a suit to restrain a sale of cemetery lands, complainants had filed a bond for costs in the sum of $500, they would not be required to file an additional bond on the ground that defendants' costs already proximated the amount of the bond, where such costs included stenographers' fees, amounting to $139.10, which defendants were not necessarily entitled to tax under rule 23.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 518–528; Dec. Dig. § 134.*]

2. Injunction (§ 148*)—Preliminary Injunction—Bond.
Where, in a suit to restrain a sale of cemetery lands by defendant, it appeared that such sale was for the purpose of reorganizing defendant cemetery company, and that its results would nullify the provisions of a prior agreement without the consent of all the shareholders, and it was claimed that this would permit the proceeds of the sale and use of lots in the cemetery to be divided contrary to the provisions of the corporation's charter, and that the effect of granting a preliminary injunction would not so seriously inconvenience defendant as its denial would be likely to damage complainants, complainants would not be required to give a bond to indemnify defendant against damage under the rule that such bond will only be required in the federal courts when the court is not rea-

sonably satisfied of complainants' right to the relief prayed for, and is satisfied that the granting of the injunction may cause irreparable injury to the defendant.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 323–334; Dec. Dig. § 148.*]

In Equity. Suit by Reese Carpenter and others against the Knollwood Cemetery and others. On motion to require complainants to file bonds. Denied.

See, also, 188 Fed. 856.

Francis E. Baker, C. H. Tyler, O. D. Young, I. H. Ellis, and Francis I. McCanna, for complainants.

Atherton N. Hunt, Joseph W. Lund, Warren, Garfield, Whiteside & Lamson, Barney & Lee, Thomas Z. Lee, A. L. Harwood, and Wendell P. Murray, for defendants.

COLT, Circuit Judge. This motion raises two questions:

First. Should the complainants be required to give additional security for costs under rule 6 of the District Court?

Second. Should the complainants be required, as a condition of the injunction, to file an additional bond to indemnify the defendants against any damages they might suffer by reason of the issuance of the injunction?

[1] 1. The complainants have filed a bond as security for costs in the sum of $500. The only contention of the defendants with respect to this bond is that their costs "already approximate that amount." In this estimate the defendants include the costs of printing affidavits, briefs, and stenographer's fees incurred in connection with the motion for a preliminary injunction. Of these items, the stenographer's fees amount to $139.10. While the other items may be taxed against the party liable for costs under rule 23, it is not settled that the stenographer's fees form a part of the taxable costs in all cases.

But, without passing at this time upon the question of what are taxable costs, it seems to me that no additional bond should be required at this time, since upon the defendants' own estimate they are now fully secured by the present bond. If the case should proceed further and additional costs accrue, the defendants may, of course, at any time renew their motion.

2. In order to determine the question whether the complainants should be required to give a bond to indemnify the defendants against probable damages by reason of the issuance of the preliminary injunction, it may be well first to refer to the opinion of the court in granting the injunction. In its opinion (188 Fed. 856) the court said:

"This case is now before the court on motion for a preliminary injunction. As the defendants' counsel and to some extent the complainants' counsel have treated the case as if it were before the court on final hearing, it may be well at the outset to refer to some of the elementary principles governing motions of this character.

"An interlocutory injunction is merely provisional in its nature, and does not conclude any right. Its object and effect are merely to preserve the prop-

erty in statu quo until a hearing on the merits. The first question to be determined is whether the case shows that there is a substantial question between the parties. If the court is satisfied that there is no substantial question to be tried, no injunction will issue; on the other hand, if it appears that there is a substantial question in the case, then the court will address itself to the second question, namely, the relative degree of injury which will be. caused by the preservation of the property in statu quo until final hearing. If it appears that by granting this relief the injury to the respondents will be serious and the injury to the complainants comparatively slight, the injunction will be refused. If, however, it appears that the injury to the complainants will be serious, and the injury to the respondents comparatively slight, the injunction will be granted. [Cases cited.]

"Applying these principles to the case at bar, I am satisfied that there is a substantial question to be determined in this case, namely, whether the Knollwood Cemetery, under its charter, by-laws, and the Cameron agreement, can sell its remaining cemetery lands at one time at public auction without the consent of all the parties in interest.

"Upon this general question the master has found as follows:

" '(25) The proposition to sell the unsold portions of the cemetery property at public or private sale at such prices as the directors shall determine for the purpose of liquidating the interest of the shareowners under the Cameron agreement and emancipating the corporation from that agreement is in effect a nullification of the Cameron agreement.

" '(26) Such action cannot lawfully be taken without the unanimous consent of the land shareowners under the Cameron agreement, which consent has not been obtained.

" '(27) The proposed sale, while nominally for cemetery purposes, is in fact a sale for the purposes of reorganization, and its results would be to nullify the provisions of the Cameron agreement without the consent of all the shareowners thereunder, and permit of the proceeds of the sale of the use of lots and plats in the cemetery to be divided contrary to the provisions of the charter.

" '(28) The proposed sale of the property is in violation of the provisions of article 12 of the by-laws.

" '(29) The proposed repeal of said by-law by action of the directors would be· illegal and void.'

" '(32) The effect of the proposed sale would be to give to the nonassenting land shareowners a very small amount, instead of the substantial returns which they have a right to expect from their investment under the plan set forth in the Cameron agreement, and as set forth in the charter of the cemetery.

" '(33) No plan for purchasing the property has apparently been worked out, and a sale may result in the acquisition of the property by a speculative syndicate and in the exclusion of parties who have vested legal and equitable rights in the property.'

[2] "These conclusions of the master were reached after a full hearing and a careful consideration of the case. Without passing upon the question whether the master was right in his conclusions—a question which cannot properly be determined on this motion—it does appear from these findings, and from the able arguments of counsel on both sides, that this case presents substantial and serious questions to be. judicially determined.

"Upon the question of the comparative injury to the parties if this property remains in statu quo until final hearing, it is clear that, while the defendants may suffer some inconvenience, a serious injury may result to the complainants if the readjustment plan. is carried out and the remaining cemetery lands sold at public auction before the questions raised by this bill are judicially settled. The very fact that the complainants contest the validity of the proposed sale would naturally seriously affect the price which could be obtained.

"Upon the whole, it seems to me that the complainants have made out a case in which a preliminary injunction should be granted."

· I have quoted this opinion in full because it seems to me to have an important bearing on the motion now under consideration.

As I understand the practice in the federal courts, the complainant may be required to give a bond to indemnify the defendant against probable damages by reason of the issuance of a preliminary injunction (1) whenever the court is not reasonably satisfied of the complainant's right to the relief prayed for; and (2) whenever the court is satisfied that the granting of the injunction may cause irreparable injury to the defendant. Although the court may be satisfied that the complainant is entitled to this extraordinary relief, still, if the case presents such a state of facts that the injunction may inflict irreparable injury upon the defendant, it may require the complainant to give a bond to indemnify the defendant against damages as a condition to the issuance of the injunction.

We have presented then two inquiries: First. Have the complainants made out a case which entitled them to a preliminary injunction? In other words, is the court reasonably satisfied that the defendant, the Knollwood Cemetery, cannot under its charter, by-laws, and the Cameron agreement sell its remaining cemetery lands at one time at public auction without the consent of all the parties in interest?

Without in any way, at this stage of the case, finally passing upon this latter proposition, my mind is so far satisfied upon it, in view of the master's report upon a full hearing and careful consideration of the case, the further consideration of the case by the court upon the exceptions to the master's report, and the still further consideration of the case since the hearing on this motion, that in my opinion the complainants are entitled to a preliminary injunction.

The only question which remains is whether the defendants have made out such a case of irreparable injury by reason of the injunction that the court should require the complainants to give an indemnity bond.

This question was considered by the court on the motion for a preliminary injunction, and the conclusion reached that, while the defendants may suffer some inconvenience if this proposed readjustment plan is not carried out, they had not shown that they would suffer irreparable injury by being temporarily enjoined therefrom. Upon further examination of this point, I see no reason to change this conclusion. The present injunction in no way prevents the Knollwood Cemetery from carrying on its business just as it has always carried it on; nor does it prohibit the corporation from carrying out plans of reorganization or readjustment generally. It only says that the particular plan proposed should not be carried out until the questions involved have been determined on final hearing.

The defendants contend that they are entitled to an indemnity bond "unless the equitable rights of the complainants are absolutely clear."

This does not appear to me to be the rule in the federal courts, and I do not find it laid down in any of the federal cases cited by the defendants.

On these motions for a preliminary injunction the proofs submitted are incomplete, and from the nature of the proceeding the court cannot be "absolutely clear" as to the complainants' right; and the

law surely cannot contemplate the doing of something which would be an impossibility, at least in many cases.

Again, the whole theory of a preliminary injunction is simply to guard against irreparable injury pendente lite, and it involves a consideration of the merits of the case only so far as it may be necessary, in determining the right to this extraordinary relief.

It has been frequently said that the granting of these motions rests in the sound discretion of the court, which means, as I understand it, that the court will look into the facts and circumstances of each particular case, and, guided by the rules applicable to motions of this character, will either (1) refuse to grant the injunction; or (2) will grant the injunction; or (3) will substitute a bond for the injunction; or (4) will in certain special cases grant the injunction on condition that the complainant gives the defendant an indemnity bond to secure him against probable damages by reason of the issuance of the injunction.

I have given this case careful consideration, and, under the federal practice, it does not seem to me, upon the state of facts here presented, that the complainants should be required to give the defendants an indemnity bond.

Motion denied.