## WESTEN MFG. CO. et al. v. HARTFORD et al.

(Circuit Court of Appeals, Third Circuit. February 17, 1912.)

### No. 1,553.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—SHOCK ABSORBER.

The Truffault reissue patent, No. 12,437 (original No. 695,508), for a frictional retarding means for spring-supported vehicles, is not invalid for laches in applying for the reissue, because of the broadening of the claims, nor for anticipation, and discloses patentable invention; also *held* infringed.

Appeal from the Circuit Court of the United States for the District of New Jersey.

Suit in equity by Edward V. Hartford, George H. Hartford, and the Hartford Suspension Company against the Westen Manufacturing Company and Christian H. Westen. Decree for complainants (172 Fed. 676), and defendants appeal. Affirmed.

Conrad A. Dieterich (Samuel O. Edmonds and Robert H. McCarter, of counsel), for appellants.

Clifford E. Dunn and Charles C. Linthicum, for appellees.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

GRAY, Circuit Judge. The appeal in this case is from the decree of the court below in a suit brought for infringement of United States reissue letters patent No. 12,437, granted January 16, 1906, to Edward V. Hartford and George H. Hartford, upon the invention of J. M. M. Truffault, for frictional retarding means for spring vehicles. The decree declared the letters patent valid and infringed by defendant and ordered the usual accounting for damages and profits.

The patent is a reissue of original letters patent, No. 695,508, granted March 18, 1902. Its subject matter is thus stated in the specifications, which are identical in the original and reissue patents:

"This invention relates to the class of vehicles in general wherein springs are employed to relieve jolting and vibration, and particularly motor cars and cycles of the various well known kinds. * * *

"The object of the present invention is to overcome or materially modify these shocks and vibrations by combining with the spring supporting devices certain frictional devices between the moving parts *or between the running-gear and the spring-supported parts, whereby said frictional devices serve as brakes to retard the too-rapid vibration or movement of the parts."

The defenses set up by the answer are, that the claims of the reissue patent are invalid, because of laches in applying for the reissue, and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

because the reissue was not authorized by any statute in such case made and provided, by reason of the unlawful broadening of the claims of said reissue. Also, that the claims of the said reissue patent are invalid, because of anticipation in prior patents and in public use, and by reason of lack of invention, in view of the prior art.

The patent in suit has been the subject of much litigation, and we have at least two adjudications prior to the one here appealed from, in which all the matters here in controversy have been fully passed upon. Suit on the reissue letters patent was brought in the Circuit Court for the Southern District of New York, and upon final hearing in November, 1907, Platt, District Judge, in a short opinion deals with the challenged validity of the reissue and says:

"I cannot avoid the conclusion that, by narrowing the number of means he broadens the scope of his invention. He has not, therefore, reissued for the same invention."

On this ground, the bill of complaint was dismissed, with costs. Hartford et al. v. Hollander (C. C.) 158 Fed. 103.

An appeal from this decree brought the case for review before the Circuit Court of Appeals for the Second Circuit (163 F. 948, 90 C. C. A. 308), and the court, discussing at length the sole ground upon which the bill was dismissed below, to wit, the decreed invalidity of the reissue, adjudged the same to be valid, and assuming the validity of the patent, infringement was found and the decree of the court below was reversed.

In October, 1908, in a suit between the same complainants and Joseph Harris, trustee in bankruptcy of the Diezemann Shock Absorber Company, bankrupt, on a rule made by Judge Lacombe requiring the defendant trustee to show cause why an injunction should not issue against him, according to the prayer of the bill, and why the infringing devices in defendant's possession and control should not be destroyed, counsel were heard on behalf of both the complainant and defendant, and after due consideration an injunction was ordered against the defendant, and further, all of the said infringing devices in his custody or under his control were ordered to be destroyed by him in the presence of complainant's counsel. (See Record, pp. 12, 13.)

Afterwards, suit was brought in the Circuit Court for the Southern District of New York, by the same plaintiffs against one Moore (181 Fed. 132), the bill of complaint alleging infringement by the defendant and praying for an injunction, etc. The same issues were raised by the answer as to the validity of the reissue patent—anticipation and lack of invention—as are here raised, and after final hearing in June, 1910, the court (Hand, J.) delivered its opinion, sustaining the validity of the reissue patent on the opinion of the Circuit Court of Appeals, in Hartford et al. v. Hollander, above referred to, and after a full discussion of the other defenses, entered a decree holding the patent valid and infringed.

After careful consideration, not only of the oral arguments of the able counsel on both sides, but of their voluminous briefs, we think the learned judge of the court below was right in his conclusion, and

that the decree as to the validity of the patent and infringement by the defendant should be affirmed.

It is true that the learned judge in his memorandum said that he doubted that the patented device showed invention, but added that his doubt was not of such an abiding or convincing character as to justify him in deciding otherwise, and that he was therefore constrained by the prior adjudications that had expressly adjudicated the validity of the patent. The learned judge, however, has no difficulty in finding the defendant guilty of infringement. A careful consideration of the expert testimony and the exhibited drawings of the defendants' mechanism compels us to agree with the court below, that they embodied the same idea of means as found in the complainants' device, in absorbing the shock created by the greater movement of the body of the car toward and from the springs, and particularly as to the rebound when the greater obstruction to the movement of the automobile is encountered. We also agree that the fact that in defendants' device there is presented both a lesser and a greater area of friction surface, while in complainants' there is but one, corresponding to the greater of defendants, and that in the lesser up and down movements of the car, only the lesser friction device of the defendants is employed, is no answer to the charge of infringement, when its greater friction device is used in the greater movements of the car. Undoubtedly, as the learned judge says:

"If the defendants' device had been a part of the prior art, the complainants' would have been clearly anticipated thereby."

We think, however, the reasoning of the Circuit Court of Appeals in the case referred to is quite conclusive as to the validity of the reissue of the patent in suit, and precludes the necessity of further discussion on that point by this court. We think also that the opinion of the Circuit Court for the Southern District of New York, delivered by Judge Hand, in the case of Hartford et al. v. Moore, supra, clearly and satisfactorily discusses and disposes of every important question raised in the present suit, touching the validity of the patent, whether depending on its relation to the prior art or upon the patentable invention that may be involved therein. After the filing of this opinion, an application was made and granted for a rehearing, on the ground of certain prior uses discovered by the defendant embodied in the Columbia bicycle and the Victor bicycle, in which friction joints were alleged to have been used, which embodied and anticipated the essential feature of the complainants' device. After rehearing, Judge Hand refused to disturb the decree already made and accompanied his refusal by an opinion, in which he exhaustively discussed these alleged prior uses. The learned judge finds that these rotary frictional joints disclose nothing that was characteristic of the patent in suit, and "consisted only of a specific use, or rather misuse, of the machines which themselves contain no suggestion of the patent." The reasoning of both the original opinion and the opinion on the rehearing are so complete and satisfactory that we have determined not to incumber the reports by attempting to add another and independent opinion to those to which we have referred. As we have said, they completely

and satisfactorily to this court cover the questions involved in this appeal. Adopting, therefore, the reasoning and conclusions reached by the courts referred to, in both cases, we affirm the decree of the court below.