## Case No. 2,107a.

### BUERK v. IMHAEUSER et al.

[10 O. G. 907.]

Circuit Court, S. D. New York. 1876.

NEW TRIAL—NEWLY-DISCOVERED EVIDENCE — AFFIDAVITS—ENTITLING AFFIDAVITS — NOTARIES—ADMINISTRATION OF OATH IN FEDERAL COURTS.

1. A motion for a new trial on the ground of newly-discovered evidence, in order to be allowed, must be supported by the plainest proof of the sufficiency of the newly-offered evidence to lead the court to a different result.

[Cited in Ready Roofing Co. v. Taylor, Case No. 11,613; De Florez v. Raynolds, Id. 3,-743; Adair v. Thayer, 7 Fed. 920.]

2. Affidavits not entitled in the cause are merely extra-judicial oaths, and perjury could not be assigned to them; therefore they are not receivable in court.

3. Notaries public have no power under the Revised Statutes to administer oaths in the United States circuit courts.

[In equity. Suit by Jacob E. Buerk against William Imhaeuser, Theodore Hahn, and Charles Keinath for infringement of letters patent No. 48,048, for "an improvement in watchman's time detectors," issued to Jacob E. Buerk, as assignee of John Buerk, January 1, 1861, reissued August 22, 1865, and again reissued March 8, 1870, and numbered 3,869. There was a decree for an injunction and an accounting (see Case No. 2,106), and defendants now move for a new trial. Motion denied.

[For exceptions to master's report, see Case No. 2,107, and, for proceedings to punish defendant Imhaeuser for contempt for violating the injunction, see Id. 2,108.]

J. Van Santvoord, for plaintiff.
A. v. Briesen, for defendants.

JOHNSON, Circuit Judge. This is a motion, substantially on the ground of newly-discovered evidence, to vacate the decree, allow the answer to be amended, and retry the cause. Of course such a departure from the ordinary course of the administration of justice could only be allowed for the gravest reasons and the plainest proof of the sufficiency of the newly-offered evidence to lead the court to a different result.

Upon a careful examination of the two watchmen's time-detectors, which are produced in support of the application, I am of opinion that neither of them would have been regarded by my learned predecessor as an anticipation of the patent on which the plaintiff has obtained his decree. The essence of this he thought consisted in the dial revolving on the watch-arbor in connec-

tion with the system of varying marks, and if his judgment in this respect is in accordance with the truth of the case, as I must regard it to be, then the detectors produced, in which the dial was not placed upon the arbor of the watch, are not anticipations of the plaintiff's invention. It is, besides, objected that the material affidavits produced are neither entitled in the cause, nor sworn before an officer authorized to administer an oath in this court. Each objection is well founded. Perjury could not be assigned on these affidavits by reason of the want of the title. They appear to be mere extra-judicial oaths, and are not receivable in this court. It has repeatedly been ruled in this circuit that a notary public has not power since the Revised Statutes to administer an oath in this court. Such an officer had power under section 2 of chapter 159 of the Laws of 1854. But as that act was revised in section 1778 of the Revised Statutes, and the power omitted, it is gone by force of the general provision contained in section 5596. Notwithstanding these obvious defects, I have thought it right to look into the merits, and upon both grounds I think the motion should be denied.

NOTE [from original report]. For the information of the public it may be mentioned that since the above decision congress has, by an act approved August 15, 1876, c. 304 [19 Stat. 206], provided that "notaries public of the several states, territories, and the District of Columbia be and they are hereby authorized to take depositions and do all other acts in relation to taking testimony to be used in the courts of the United States, take acknowledgments and affidavits in the same manner and with the same effect as commissioners of the United States circuit court may now lawfully take or do."
[NOTE. For affirmation of the final decree herein, see Imhaeuser v. Buerk, 101 U. S. 647. For other cases involving this patent, see note to Buerk v. Valentine, Case No. 2,109.]