## ADAIR v. THAYER.

*(Circuit Court, S. D. New York.   March 29, 1881.)*

1. RE-ISSUE No. 6,964—IMPROVEMENT IN PUMPS—MOTION TO RE-OPEN CAUSE—NEWLY-DISCOVERED DEFENCE.

Before a motion to re-open a cause, and admit a newly-discovered defence, after a final hearing, will be granted, it must be clear that such defence, if it had been made at the final hearing, would have been effectual.

*Buerk* v. *Imhauser*, 10 O. G. 907.

*De Florez* v. *Reynolds*, 16 Blatchf. 408

The pumping device described in English letters patent No. 11,473, granted Thomas Craddock, December 3, 1846, for improvements in steam-engines, boilers, and machinery connected therewith, *held*, not sufficiently similar to complainant's or defendant's devices to warrant the court to re-open the cause.

In Equity.

WHEELER, D. J.   This cause has now, after final hearing and decree for an injunction and an account for an infringement of a patent for a pump,* been heard upon a motion to re-open the case and admit newly-discovered defences.

The motion is founded upon English letters patent No. 11,473, granted December 3, 1846, to Thomas Craddock, for improvements in steam-engines and boilers, and machinery connected therewith, including, among many other things, a pump.   The pump there patented does not appear to be sufficiently like either the orator's patented pump or defendant's pump, adjudged to be an infringement, to warrant granting the motion, under the rule laid down in *Buerk* v. *Imhauser*, 10 O. G. 907, and *De Florez* v. *Raynolds*, 16 Blatchf. 408.   It is essentially a double-acting exhausting air-pump, for a low-pressure steam-engine, and not a lifting water pump, and is so described.   Its inlet and all of its valves are at the top of its piston cylinder, and, as shown in one form by the drawings, the valves are beneath an open cistern, which is flooded with water that will prime the working parts when water is drawn, and through which the valves and piston are readily accessible for removing obstructions and making repairs, as

*See 4 FED. REP. 441.

those in the orator's and the defendant's pumps are. But this location of the inlet and the valves, operating as valves below the piston, is made practicable by having a long passage from the chamber above these valves to the piston cylinder below the stroke of the piston, and opening into it, and is necessary in order to carry out the idea of the inventor that the pump, when in use, should, as set forth in the patent, be "always filled with water at the bottom to a height a little way above the opening into the passage, so that the piston, in its descent, always dips into the water before it comes to the end of its stroke, and drives that water, with the air before it, up the passage, whence they are discharged through the port." The orator's and the defendant's pumps are lifting pumps, for raising water, and have their valves operating as valves below the piston, practically located there, with their inlets opening upward to them from below in the usual way, and still have open water heads above the valves flooded with water, when they are working, that will prime the working parts, and through which the valves and piston are likewise accessible for clearing from obstructions and making repairs. The lower parts of the shells of these pumps are not whole, like that part of the shell of Craddock, so as to make them self-sealing, with water on the lower side of the piston, as his is, and they could not be made so, and retain their compactness and efficiency as lifting water pumps. Neither could his be changed to a lifting pump for water from directly below, without taking away that feature of it as an air-pump. His patent would hardly suggest the orator's pump. The difference is so great that it is not at all clear that this patent, if it had been in evidence, would have led to any different result, but rather the contrary.

So there appears to be no warrantable ground for granting the motion.

Motion denied.