STARLING v. ST. PAUL PLOW-WORKS.

*(Circuit Court, D. Minnesota. October 10, 1887.)*

1. PATENTS FOR INVENTIONS—CONTRACT FOR ROYALTY—BREACH.

By the terms of a contract between the plaintiff and the defendant, the latter was licensed to manufacture and sell a plow, of which the plaintiff was the inventor, upon payment of a royalty for each plow so manufactured and sold. *Held*, that the manufacture by the defendant of plows called by a different name, but substantially the same as defendant's invention, was a breach of the contract, if defendant failed to pay the royalty, and that plaintiff might elect whether to sue for the royalty or for infringement.

2. SAME—ANTICIPATION—PLOWS.

Patent No. 127,878, for an "improvement in plows," consisted of a sleeve around the axle which is revolved by a lever affixed to it; the sleeve having two arms projecting towards the rear, and pivoted to the plow-beam underneath. By the operation of the lever the elbow is raised, and a trigger pivoted on the lever falls into a notch on a circular plate fastened on the right of the axle, or its connections, with arms running to the tongue. The plow is thus held up while turning or being taken from the field. It can be locked in the ground, or out of it, by inserting a pin in holes made for the purpose in the circular plate, but the plow cannot be regulated while in motion. The plaintiff's invention consisted of a crooked axle, a crank-bar, bent twice at right angles. and a lever so arranged that while in motion the point of the plow could be raised by the operation of the lever, and the horses made to raise it out of the ground; or it could be locked in the ground at any depth, or out at any height. *Held*, that the former invention did not have the same combination as the latter for raising and lowering, and therefore was not an anticipation of the plaintiff's invention.

Action on a Contract whereby defendant agreed to pay a royalty for the sale of certain patented plows.

*Frackelton & Careins*, for plaintiff.

*John B. & W. H. Sanborn*, for defendant.

NELSON, J. A motion for a new trial is made by defendant upon the following grounds: "*First*, on account of accident and surprise which ordinary prudence could not have guarded against; *second*, on the ground that the decision is not justified by the evidence, and is contrary to law; *third*, on the ground of newly-discovered evidence, material to the petitioner, which it could not with reasonable diligence have discovered and produced at the trial; *fourth*, on account of error in law occurring at the trial, and excepted to by the petitioner." The trial was before the court without a jury, and was very thorough. Many questions arose, and, if error was committed, it was in allowing the defendant to show want of novelty and patentability of the plaintiff's plow. The action was brought upon a contract in which the defendant became a licensee to manufacture and sell the plaintiff's invention called the "Starling Plow," on payment of a royalty for each and every "Starling Plow" manufactured and sold. A breach of the contract is alleged, and a recovery sought and obtained for the amount of royalties upon plows sold and not accounted for and paid the defendant. If the defendant manufactured plows called by a different name, but substantially the same as defendant's invention, invading his rights under the patent, or using

devices claimed in the plaintiff's patent, it is a breach of the contract if defendant fails to pay the royalty therein provided, and on a repudiation of the contract by the licensee, the licensor and patentee can either sue for royalties unpaid or for infringement. *Cohn* v. *Railroad Co.*, 3 Ban. & A. 572, and cases cited. The election to sue for a breach of the contract is made in this case, and sustained. The court decided the defendant did infringe, and gave judgment.

I dismiss all of the reasons assigned for a new trial with one exception, and will briefly consider that one, viz.: "Newly-discovered evidence, material for the petitioner, which it could not with reasonable diligence have discovered and produced at the trial." This evidence is a patent, No. 127,878, issued June 11, 1872, to William G. Haslup, assignor, for an "improvement in plows." If the newly-discovered evidence which is submitted would not change the result of the verdict and judgment, it is well settled that a new trial should not be granted. The letters patent are attached to the petition for a new trial. I have examined the specifications and claims, and, if it had been offered under the ruling of the court at the trial, it could not have changed the result.

The first claim of the plaintiff's patent is "for a crank-bar, combined with the plow-beam, lever, and axle, as and for the purpose set forth, so that the horses are made to raise the plow out of the ground."

The plaintiff's plow has a crooked axle, and a crank-bar bent twice at right angles, passing through a box bolted to the plow-beam towards the rear end. The forward end of this bar, near the driver's seat or right wheel of the sulky, rides upon the inner end of the journal. The end of a spring lever, which projects upward along a curved bar on the right side of the driver's seat, is connected rigidly with this end of the crank-bar. The curved bar, with notches on the outer side to receive this upright lever, is attached to the axle, and part of a brace running from the axle to the tongue. The crank-bar thus bolted to the plow-beam can be held in any position to which the lever is adjusted. By this device and manner of construction and bolting, the plow can be locked, either in the ground at any depth, or up at any height, at the will of the driver, and in the operation of raising the plow the point comes up first. By means of the lever the point turns up, and the horses are made to raise the plow out of the ground.

In the Haslup patent sulky plow there is a sleeve around the axle proper, which is revolved by a lever affixed to it. This sleeve has two arms projecting towards the rear, and pivoted to the plow-beam underneath. When the lever is pushed forward, the plow is raised, and a trigger pivoted to the lever falls into a notch on a circular plate, fastened on the right of the axle, or its connection, with arms running to the tongue. The plow is thus held up while it is turned or taken from the field. The plow can be locked in the ground, or depth to be plowed determined, only by inserting a pin in holes made for that purpose in the circular plate fastened as heretofore stated. The driver cannot regulate the depth to be plowed, and lock the plow in the ground, while it is in motion. The pin prevents the plow being raised by the lever, and

it could not be operated while in motion so as to raise the point of the plow, and make the horses pull it out of the ground.

The Haslup plow does not have the combination of the plaintiff for the purposes described in his patent, and does not anticipate his invention. The motion for a new trial is denied.