### GOLDSTEIN v. WHELAN et al.

(Circuit Court, N. D. New York. June 14, 1894.)

#### No. 6,226.

1. TRADE-MARKS—INFRINGEMENT—FEDERAL QUESTION.

On motion for a preliminary injunction in a suit between citizens of the same state for infringement of a registered trade-mark, the affidavits showed that the trade-mark was invalid because anticipated. *Held*, that an injunction should not be granted, although the affidavits disclosed a case of unfair competition, the jurisdiction to retain the case as to that matter being doubtful.

2. AFFIDAVITS NOT ENTITLED IN CAUSE.

Affidavits not entitled in the cause cannot be considered in opposition to a motion for preliminary injunction.

This was a suit by Julius M. Goldstein against Charles A. Whelan and others to enjoin alleged infringement of a registered trademark. Complainant moved for a preliminary injunction.

Charles H. Duell, for complainant.
Howard P. Denison, for defendants.

COXE, District Judge. This action is brought to restrain the defendants from infringing the complainant's registered trade-mark "Napoleon." Both parties are citizens of this state. In his statement, filed February 23, 1894, the complainant says:

"My trade-mark consists of the word symbol 'Napoleon.' * * * The word may be printed in connection with an ornamental label having, among other figures or forms, a picture of Napoleon I., without materially altering the character of the trade-mark, the essential feature of which is the word 'Napoleon.' "

The trade-mark is used to designate a certain brand of cigars.

Affidavits, not entitled in the cause, are presented by the defendants showing that long prior to the complainant's use, the name "Napoleon" had been used, with a portrait of the first emperor, to designate a brand of cigars precisely as the complainant uses it at the present time. It also appears that this use was practically continuous from 1876. If the facts stated in these affidavits are true, the complainant's registered trade-mark, no matter what construction is placed upon it, is anticipated in every particular. Stachelberg v. Ponce, 128 U. S. 686, 9 Sup. Ct. 200. This proposition must be conceded, but it is argued that the affidavits disclose a case of unfair competition in trade, and that this court, having once acquired jurisdiction, may retain it even as to matters not alleged in the bill and cognizable only by the state courts.

It is thought that the cases cited by the complainant hardly go to the necessary extent. It is probably true that where a federal question is involved, the court is justified in adjudicating upon all questions growing out of the transaction involved. But is this true where it appears that there is no federal question? In other words, can the court retain jurisdiction to pass upon a cause of action solely cognizable by the state courts after it is demonstrated that no federal question is involved, simply because the bill alleges facts, which if true, would give the federal court jurisdiction?

In the case relied upon by the complainant (Omaha Horse Ry. Co. v. Cable Tramway Co., 32 Fed. 727) the court says:

"No mere assertion that a federal question exists, or that a right is claimed under the federal constitution, is, of itself, sufficient to give jurisdiction; it must appear that there is some real, substantial federal question involved."

See, also, 1 Fost. Fed. Pr. p. 534, § 293.

Surely there is force in the suggestion that the bill must be dismissed the moment the court determines that the complainant's registered trade-mark is invalid. It is not the purpose of the court at this time to pass definitively upon this proposition. It is, to say the least, doubtful, and a preliminary injunction should never issue in a doubtful case.

The court has treated the motion thus far as if the defendants' affidavits were regularly before it, thinking it for the interest of both parties that this should be done. These affidavits cannot, however, properly be considered under the decision of Buerk v. Imhaeuser, 10 O. G. 907, Fed. Cas. 2,107a, for the reason that, with one exception, they are not entitled in the cause. The circuit court of this circuit there said regarding similar papers:

"Perjury could not be assigned on these affidavits by reason of the want of the title. They appear to be mere extrajudicial oaths, and are not receivable in this court."

See, also, Hawley v. Donnelly, 8 Paige, 415.

If the complainant is convinced that the defect is the result of an oversight and is one which can be readily remedied, it is possible that some agreement looking to a waiver of the objection can be reached.

It follows that the restraining order heretofore granted must stand, without prejudice to the defendants, upon properly entitled affidavits, to move to vacate the same.