### LOWRY et al. v. HERT.

(District Court, W. D. Kentucky. May 11, 1921.)

No. 88.

1. **Removal of causes** ⊙═19 (1)—**Cause removable, if one of several causes of action stated arises under laws of United States.**

If any one of several causes of action stated in plaintiffs' pleading in a state court arises under the Constitution or laws of the United States, the cause is removable, though joined with other causes not so arising.

⊙═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Removal of causes ⟨⟩19(6)—Suit held removable as arising under patent laws.**

A suit by the heirs at law of a deceased patentee to set aside a conveyance of the patents by his administrator on the grounds of want of power in the administrator and fraud of defendant, with a prayer that plaintiffs be declared the owners of the patents and recover the value of their use while so withheld, involves title to the patents and rights thereunder, and is removable from a state court as one arising under the patent laws.

In Equity. Suit by Zetta McG. Lowry and others against Alvin T. Hert. On motion to remand to state court. Denied.

J. W. Harlan, of Danville, Ky. (John W. Becker, of Indianapolis, Ind., and George E. Stone, of Danville, Ky., of counsel), for plaintiffs.

Charles G. Middleton, of Louisville, Ky. (Humphrey, Crawford & Middleton, of Louisville, Ky., of counsel), for defendant.

WALTER EVANS, District Judge. The plaintiffs are Zetta McG. Lowry, individually and as guardian of the infant, Jean Bullitt Lowry (under appointment by the county court of Fayette county, Ky., in December, 1920), Margaret Van Wervcke, Helen Lowry, and Thomas Lowry. The three last named are citizens of New York, while the two first named are citizens of Kentucky. They are the widow and children of Cuthbert B. Lowry, who died in November, 1908, and who was then the owner of five letters patent issued by the United States, though one Richard Bernhard had a nominal interest in three of them. The defendant is a citizen of Kentucky.

[1] Plaintiffs commenced this action in the Jefferson circuit court on the 6th day of December, 1920. Their petition was framed in accordance with the rules of practice prescribed by the Kentucky Code of Practice, and is of course what we now speak of as their bill of complaint. The defendant in due time and manner filed in the state court his petition for the removal of the action to this court, upon the ground that plaintiffs' causes of action as alleged in their pleading all arose under the Constitution and laws of the United States. The plaintiffs have moved the court to remand the action to the Jefferson circuit court; they insisting that their causes of action as stated in their pleading do not, and that no one of them did, arise under the Constitution or laws of the United States, within the meaning of the Removal Acts (Comp. St. §§ 1010–1021), and thus is presented the one question now to be considered, namely: Do the Constitution and laws of the United States give this court exclusive jurisdiction of any one of the causes of action set up in the three paragraphs of plaintiffs' bill of complaint?

The importance of this question has brought about the necessity for the very careful consideration which the court has given to plaintiffs' motion to remand. In doing this, however, the court has remembered that, if either one of the causes of action set up by plaintiffs in the three paragraphs of their pleading arises under the Constitution or laws of the United States, the jurisdiction of this court of that cause of action cannot be ousted by adding others which do not so arise. Rail-

road Co. v. Mississippi, 102 U. S. 135, 141, 26 L. Ed. 96. This naturally at the outset brings us to the consideration of the cause of action set up in paragraph 1 of the bill.

[2] Without going into greater detail, it may suffice to say that the first paragraph alleges that at the time of the death of Cuthbert B. Lowry, on November 11, 1908, he was the owner of five definitely described letters patent which had theretofore been issued to him in due course by the United States, but that some interest in each or all of them had theretofore been hypothecated by the deceased to the Fletcher American National Bank of Indianapolis to secure certain then existing liabilities, which liabilities, however, were far less than the value of the patents. It is alleged that on the 27th day of November, 1908, the county court of Fayette county, Ky., appointed the Security Trust Company, of Lexington, Ky., administrator of said Cuthbert B. Lowry, deceased, and that thereafter, by the various coercive, deceitful, and fraudulent methods and acts elaborately stated and described in the bill, the defendant secured the transfer of each of said patents to Stoughton A. Fletcher, as trustee for himself and the defendant, and ultimately to the defendant himself, through the medium of other transfers thereof to the Anglo-American Tar Products Company and then to defendant, and that by means of said fraudulent acts the administrator was induced to make and did make the transfer of said five letters patent before it concluded its work as administrator, though, having afterwards completed its work, it was discharged. It is also alleged in the first paragraph of the bill that the plaintiffs were by the same means, and the same coercive, deceitful and fraudulent representations and conduct, induced to and did acquiesce in the said transfers.

Without at present referring to the statements made or the relief sought by the second and third paragraphs of the bill, a question of prime importance to all parties alike is: Does paragraph 1 of the bill of itself state a cause of action under section 24, clause 7 (Comp. St. § 991[7]), and section 28, clause 1 (section 1010), of the Judicial Code? Section 24 of the Code provides that—

"The District Courts shall have original jurisdiction as follows:  *  *  * Seventh. Of all suits at law or in equity arising under the patent  *  *  * laws."

And section 28 provides that—

"Any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States  *  *  *  of which the District Courts of the United States are given original jurisdiction  *  *  *  may be removed by the defendant or defendants therein to the District Court of the United States for the proper district."

With these statutory provisions in mind, it is altogether obvious that the only real question to be now decided is whether the cause of action stated by the plaintiffs in the first or any other paragraph of their bill is one arising under the patent laws, which, under the Constitution of the United States, authorize the issuing of patents to inventors. If

so, the jurisdiction may be in this court; but otherwise it may be in the state court, and not here.

Clause 8, section 8, article 1, of the Constitution, in express terms gives Congress the power to secure to inventors for a limited time the "exclusive right" to their discoveries, and the patent laws provide ways for making this provision effective. No one else can share in this exclusive right without the inventor's consent. It is therefore too clear to require argument that rights given by a patent lawfully granted under those provisions of the Constitution are rights granted by the United States, and that any cause of action based upon the patent itself arises under the patent laws of the United States within the meaning of the Judicial Code. Here the patents were, granted by the United States to Cuthbert B. Lowry. He did not, before his death, part with his title thereto; but his administrator, in form, at least, did transfer that title. The plaintiffs bring this action, not upon a contract, but to have what purports to be a contract not made by them held to be void, and that plaintiffs, as heirs of the patentee, be adjudged to be the owners of the patents. And in this connection we may note that section 4884 (8 Comp. Stats. p. 10031) provides that:

"Every patent shall contain a short title or description of the invention or discovery, correctly indicating its nature and design, and a grant to the patentee, his heirs or assigns, for the term of seventeen years, of the exclusive right to make, use, and vend the invention or discovery throughout the United States, and the territories thereof, referring to the specification for the particulars thereof. A copy of the specification and drawings shall be annexed to the patent and be a part thereof."

After setting out in great detail the facts relied upon as a basis for the relief desired, plaintiffs, at the close of the first paragraph of the bill, pray as follows:

"Wherefore they pray that the said contract and assignment of the letters patent and applications by the administrator to Stoughton A. Fletcher as trustee be set aside and canceled by this court and held for naught, because same was obtained and procured by this defendant through fraud, duress, and coercion, and because there was no consideration therefor, and that for said reasons the said assignment from Fletcher, trustee, to the Anglo-American Tar Products Company and from the Anglo-American Tar Products Company to this defendant, be held void, and that it be now adjudged that these plaintiffs are now the owners of said letters patent and the patents granted upon said applications, and that they be adjudged to recover of this defendant a sum which will reasonably compensate them for the loss of the use of said patents since the 22d day of January, 1909, and for all equitable relief to which they may appear entitled, and for their costs herein expended."

This prayer, when analyzed, may not only throw light on the question of the nature of plaintiffs' first paragraph, but may greatly aid in ascertaining the foundation and purposes of the action. It asks, though somewhat progressively, for four phases of relief, viz.: (1) That the several contracts for the assignments of the letters patent made by others than themselves, and which the bill describes, be set aside and canceled, because they were obtained and procured by fraud, duress, and coercion, and without consideration therefor; (2) that the plaintiffs be adjudged to be the owners of said letters patent and the patents granted upon the applications therefor; (3) that plaintiffs be adjudged

to recover of the defendant a sum which will reasonably compensate them for the loss of the use of the said patents since the 22d day of January, 1909; and (4) for all equitable relief to which they may be entitled.

If we may assume that the first and fourth phases of the relief asked by the plaintiffs do not arise under the patent laws, but have a basis only in general principles of equity, the question still remains whether the other relief asked arises under those laws? We again recall that plaintiffs pray (a) that they be adjudged to be the "owners" of all of said letters patent granted upon the applications therefor; and (b) that they be adjudged a recovery from the defendant of a sum which will reasonably compensate them for the loss of the use of the said patents since the 22d day of January, 1909.

Can the prayer that they be adjudged to be the owners of said patents be based upon anything except that they have the right to the legal title thereto, clouds upon which they in effect claim should be removed, or can a judgment for compensation for use of the patents be based upon anything except "rights" under the patent laws? And again, can the fact be concealed by cautious pleading that the prayer for a judgment for compensation for the use of the patents is based upon a claim of legal title thereto, and the consequent claim that the rights of plaintiffs have been infringed or encroached upon?

It is so well settled as to be elementary that, when the United States grants a patent for a new invention in the arts, it confers upon the patentee an "exclusive" property in the patented invention, which property nobody can appropriate without the patentee's consent. The inventor's right and title thereto are thus altogether based upon the Constitution and laws of the United States, and, as we have intimated, it would seem to follow, as of course, that any right to any judgment that the plaintiffs (who are the heirs of the patentee) are the owners of the patents or any judgment in their favor for the recovery of money for any infringement of or encroachment upon such exclusive right must be based upon a claim of title in the patents themselves.

It would seem, therefore, that any action at law or in equity which seeks to remedy such a situation inevitably and necessarily grows out of and is based upon a right created by and claimed under the patents, and therefore upon a right which arises under the patent laws of the United States. And as has been intimated, if one part of the relief demanded is based upon a claim of title to the patents, it is sufficient, notwithstanding other claims are based upon other grounds. Railroad Co. v. Mississippi, 102 U. S. 141, 26 L. Ed. 96, supra, where it was said:

"That it is not sufficient to exclude the judicial power of the United States from a particular case that it involves questions which do not at all depend on the Constitution or laws of the United States; but when a question to which the judicial power of the Union is extended by the Constitution forms an ingredient of the original cause, it is within the power of Congress to give the Circuit Courts jurisdiction of that cause, although other questions of fact or of law may be involved in it."

At this point we may say that in many cases in many courts, state and federal, there have been interpretations of the provisions of the

Judicial Code and of the statutes which preceded it in respect to jurisdiction in "patent cases." It has thereby been made entirely clear that where a contract had been made respecting a patent, and out of which contract a suit arose, or where frauds were perpetrated by the parties to the contract, and one of those parties sought relief on that ground, the state courts have exclusive jurisdiction, except where there was diverse citizenship and a claim exceeding $3,000. Some of the many cases which establish those propositions are Wilson v. Sandford, 10 How. 99, 13 L. Ed. 344; Hartell v. Tilghman, 90 U. S. 547, 25 L. Ed. 357; Dale, etc., Co. v. Hyatt, 125 U. S. 46, 8 Sup. Ct. 756, 31 L. Ed. 683; White v. Rankin, 144 U. S. 628, 12 Sup. Ct. 768, 36 L. Ed. 569; Wade v. Lawder, 165 U. S. 624, 17 Sup. Ct. 425, 41 L. Ed. 851; Briggs v. U. S. Stove Co., 239 U. S. 48, 36 Sup. Ct. 6, 60 L. Ed. 138; Odell v. Farnsworth, etc., Co., 250 U. S. 501, 39 Sup. Ct. 516, 63 L. Ed. 1111.

Equally clearly it has been settled that, where the title to a patent or any claim of infringement thereof is the subject of the suit in any form, the federal courts have exclusive jurisdiction, regardless of the citizenship of the parties, for the reason that such cases arise under the patent laws. Atherton Machine Co. v. Atwood, etc., Co., 102 Fed. 949, 43 C. C. A. 72 (a case which has been treated as very important); Pratt v. Paris Gas Co., 168 U. S. 255, 18 Sup. Ct. 62, 42 L. Ed. 458; Excelsior, etc., Co. v. Pacific Bridge Co., 185 U. S. 282, 285, 294, 22 Sup. Ct. 681, 46 L. Ed. 910; Henry v. Dick, etc., Co., 224 U. S. 1, 13–14, 32 Sup. Ct. 364, 56 L. Ed. 645, Ann. Cas. 1913D, 880; The Fair v. Kohler Die Co., 228 U. S. 21, 25, 26, 33 Sup. Ct. 410, 57 L. Ed. 716; Healy v. Sea Gull, etc., Co., 237 U. S. 479, 480, 35 Sup. Ct. 658, 59 L. Ed. 1056.

In short, where it is certain that a case arises out of a contract or a breach thereof, then, as between the parties to the contract, there is no doubt that the jurisdiction is in the state courts; but where it is clear that the cause of action stated in any case grows out of the patent itself, or any claim of title thereto or rights thereunder otherwise than as stated, the jurisdiction is in the federal courts. Oftentimes there may be doubts as to which of those classifications a suit belongs, but we think any doubts of that character in this instance may be solved.

As tending to make clear our views, we will state at this point certain illustrative propositions:

1. At the outset the plaintiff in a suit is master of the situation in stating his claims and the basis thereof. The Fair v. Kohler Die Co., 228 U. S. 25, 33 Sup. Ct. 410, 57 L. Ed. 716. Consequently the question of jurisdiction may be determined by the character of the remedy the plaintiff invokes. Indeed, the judgment he seeks may often determine whether a suit is one arising under the patent laws, and therefore cognizable in the courts of the United States only, or whether it arises otherwise. Henry v. Dick Co., 224 U. S. 14, 32 Sup. Ct. 366 (56 L. Ed. 645, Ann. Cas. 1913D, 880); where it is said:

"The remedy which the complainant seeks may often determine whether the suit is one arising under the patent law and cognizable only in a court of the United States, or one upon a contract between the patentee and his a_-

signs or licensees, and therefore cognizable only in a state court, unless there be diversity of citizenship."

2. Matters set up in an answer cannot affect that situation, although as a defense it may be controlling at the final hearing. The Fair v. Kohler Die Co., 228 U. S. 25, 33 Sup. Ct. 410, 57 L. Ed. 716. Hence, although the defendant has filed an elaborate answer to the bill, vigorously denying every allegation of fraud or wrongdoing, we cannot consider it at this stage of the proceedings, nor regard it as in any way important as affecting the question of jurisdiction—that question, as we have said, depending entirely on plaintiffs' own statement of their case.

3. In Littlefield v. Perry, 21 Wall. 205, 222, 22 L. Ed. 577, the Supreme Court said:

"An action which raises a question of infringement is an action arising 'under the law,' and one who has the right to sue for the infringement may sue in the Circuit Court. Such a suit may involve the construction of a contract, as well as the patent, but that will not oust the court of its jurisdiction. If the patent is involved, it carries with it the whole case."

4. The test of jurisdiction, as shown in Henry v. Dick Co., 224 U. S. 16, 32 Sup. Ct. 367 (56 L. Ed. 645, Ann. Cas. 1913D, 880), is this:

"The test of jurisdiction is this: Does the complainant 'set up some right, title, or interest under the patent laws of the United States, or make it appear that some right or privilege will be defeated by one construction, or sustained by another, of those laws?' Excelsior Wooden Pipe Co. v. Pacific Bridge Co., 185 U. S. 282; Pratt v. Paris Gaslight & Coke Co., 168 U. S. 255, 259; White v. Rankin, 144 U. S. 628."

5. It may be that any infringement of the patents in this instance was an "indirect infringement"; but, even if that be so, it is nevertheless an "infringement." That is a broad term, as to which Bouvier, in his Law Dictionary, says that in patent law it is—

"A word used to denote the act of trespassing upon the incorporeal rights secured by a patent or copyright. Any person who, without legal permission, shall make, use, or sell to another to be used, the thing which is the subject-matter of any existing patent, is guilty of an infringement, for which damages may be recovered at law by an action on the case, or which may be remedied by a bill in equity for an injunction and an account."

The authorities support this view.

In a plaintiff's pleading, defenses are often anticipated, with an accompanying attempt to nullify in advance such defenses. This would seem clearly to be so in this case. The plaintiffs claim the ownership of the patents as the heirs of the inventor to whom the patents were issued. They seemed to anticipate that a certain defense would be made to the effect that their ancestor, the inventor, had parted with the title thereto by the hypothecation of the patents to Fletcher and other resultant proceedings, and have attempted to forestall it by their allegations of fraud, coercion, etc.; but this mode of pleading could not alter the fact shown by their bill that they claim title to the patents and pray for judgment that they are the owners thereof. Healy v. Sea Gull, etc., Co., 237 U. S. 8, 480, 481, 35 Sup. Ct. 658, 59 L. Ed. 1056.

We now come to paragraph 2 of the bill of complaint. In plain words it alleges:

First. That on the 27th day of November, 1908, the Fayette county court attempted to assume jurisdiction of the settlement of the estate of said Cuthbert B. Lowry, deceased, and attempted to appoint the Security Trust Company, a duly organized Kentucky corporation, as administrator of his estate, and that the latter attempted to qualify as such administrator as required by law, and did take charge of and attempt to administer the estate of said decedent. They aver that—

"The said Lowry, at the time of his death, was the owner of * * * the following described letters patent, which had been granted to him by the patent office of the United States, and of the following described applications for patents, upon which letters patent were subsequently granted, all of which patented processes and devices pertained to and were used in the business of creosoting wood, especially railroad ties."

They then described the patents in terms similar to those used in paragraph 1 of the bill.

Second. That the—

"county court of Fayette county did not have jurisdiction of said estate, or the power or authority to appoint an administrator thereof, and that the appointment of said Security Trust Company as said administrator, because of the fact that the decedent was not a resident of the state of Kentucky, was absolutely null and void, and that the title to said property therefore vested in these plaintiffs, who are the widow and children, respectively, of decedent, subject to the payment of debts against the estate."

Third. That—

"the said purported administrator on the 18th day of January, 1909, made and entered into a contract with Stoughton A. Fletcher, as trustee for himself and this defendant, A. T. Hert, in which it agreed to convey to said trustee all the aforesaid stock and all the letters patent and applications, and to quitclaim and settle all claims which the said estate had against the said Fletcher, this defendant."

And the plaintiffs then repeat their allegations of fraud on the part of the defendant in connection with the others named, except that they make no charge that the Security Trust Company in any wise participated therein.

Fourth. That—

"the county court of Fayette county did not have jurisdiction to appoint an administrator of the estate of Cuthbert B. Lowry, because he was not at the time of his death a resident of Fayette county, Ky., nor own any real estate therein, but was a resident of Cook county, Ill., and that for said reason the order appointing said administrator was null and void and of no effect, and that the acts of said trust company as such administrator were null and void. They state that for said reason the assignment of said administrator to Stoughton A. Fletcher, as trustee for himself and this defendant, of the patents and applications and stock aforesaid, was absolutely null and void, and that for said reason, the subsequent conveyances" thereof were and are null and void.

Fifth. They then state that since January 22, 1909, the defendant has continuously used said patents, and upon all of these allegations the plaintiffs pray as follows:

"Wherefore they pray judgment against this defendant for a sum which will reasonably compensate them for the loss of the use of the aforesaid pat-

ents, and applications and patents subsequently issued upon said applications, since January 22, 1909, and that he be required in his answer to disclose the amount of said stock obtained by him, and to account to these plaintiffs and adjudged to pay to them for the reasonable value for his proportion of the aforesaid stock, the amount of which is unknown to these plaintiffs, which was obtained by him under the assignment of said administrator, or to deliver to them in specie the stock which he obtained in exchange therefor in the American Creosoting Company, or its equivalent, with all the dividends arising therefrom since the said time, and for all equitable relief to which they may appear entitled, and for their costs herein."

Shortly stated, this prayer asks, first, for the recovery of money sufficient to reasonably compensate the plaintiffs for the use of all the patents since January 22, 1909; and, second, for a judgment for the reasonable value of the shares of Cuthbert B. Lowry, deceased, in the capital stock of the companies named, or for the delivery of the stock in specie.

The first of these prayers must, we think, be based upon a claim of ownership of the patents and upon infringements thereof, under the definition of that word given above, as well as upon section 4884, R. S. U. S. (Comp. St. § 9428), which, as we have seen, provides that upon the death of a patentee the title passes to his heirs; while the second prayer for the delivery in specie of all shares of the capital stock in those corporations would seem to be based upon a condonement of any wrongs by which they were obtained. However, the second prayer of this paragraph is immaterial at this stage, where only jurisdictional propositions are involved, and where the first of the two prayers seems to aid in the solution of that question, as clearly does also their statement in this paragraph that the title to all the patents was vested in them.

The third paragraph of plaintiffs' bill again alleges that Cuthbert B. Lowry died November 11, 1908, and left plaintiffs as his heirs at law, that the Security Trust Company was appointed his administrator by the county court of Fayette county, and that under the orders of that court it made a sale of all the said patents to Stoughton A. Fletcher, trustee for himself and the defendant, but that this sale was null and void, first, because it was made as a private sale and not at public auction, as required by the laws of Kentucky; and, second, because the administrator had then returned no inventory of the decedent which had come to its hands. The plaintiffs' prayer in this paragraph, stated briefly, is, that they be adjudged a sum which will reasonably compensate them for the loss of the use of said patented and copyrighted devices since January 22, 1909, and during the time the same were used by the defendant.

We need not repeat that this claim is also one for infringement, though carefully not so stated, and if the sale of the patents was null and void under the laws of Kentucky the title thereto did not pass, but would be now vested in the plaintiffs as the heirs of the patentee, and thus might be a sufficient basis for holding that plaintiffs are the owners thereof, and therefore entitled to damages for the infringement.

When, from the standpoint of jurisdiction alone, we consider the bill of complaint in its entirety, and without regard to its elaboration

in details, we find that it clearly alleges (a) that Cuthbert B. Lowry was, at the time of his death, the owner of the five described patents; (b) that, inasmuch as he died intestate, the plaintiffs as his heirs became the owners thereof; (c) that the attempted sale of those patents by the administrator of the decedent was void upon the facts stated in the bill; and (d) that the plaintiffs are now the holders of the legal title thereto. It is upon this claim to the legal title to the patents which the plaintiffs make as the heirs of the patentee that they ask relief as follows: First, that they be adjudged to be the owners of all of the said patents; and, second, that they recover compensation for the long use thereof by the defendant, which prayer, as we have seen, is really for damages for the "infringement" of those patents.

A very elaborate pleading in paragraphs (which latter are not significant under federal equity rules) should not be held to shield plaintiffs from the results of a fair interpretation of their pleading as a whole. Nor should their anticipatory attempt to nullify a possible defense to their action change these conclusions upon the question of jurisdiction, when considered apart from the merits of the case. Without going into further detail of our reasons therefor, we have reached the conclusion that, while some of the claims of the plaintiffs do not arise under the patent laws, others do so arise.

In this situation we must conclude that this court has jurisdiction to hear and determine the questions which arise under the patent laws, and therefore that the motion of the plaintiffs to remand this action to the Jefferson circuit court must be denied and overruled, and an order to that effect will now be entered.