## WALSH v. ALBERT WAHLE CO., Inc., et al.

District Court, E. D. New York.
March 1, 1928.

No. 3433.

**1. Patents ☞303—Jurisdiction to determine preliminary motion in infringement suit depends on allegations of bill.**

Jurisdiction of a federal court to hear and determine a motion for preliminary injunction to restrain infringement of patents depends on the allegations of the bill.

**2. Patents ☞310(7)—Defendant sued for infringement, though claiming license, may also set up invalidity and noninfringement.**

In a suit for infringement, defendant, though claiming a license, may set up as additional defenses invalidity and noninfringement.

**3. Patents ☞297(1)—Complainant held not entitled to preliminary injunction to restrain infringement of unadjudicated patents.**

Preliminary injunction in infringement suit, where the validity of the patents had not been adjudicated, was denied, and there was no allegation of defendant's insolvency.

In Equity. Suit by Vincent Walsh against the Albert Wahle Company, Inc., and another. On motion by complainant for preliminary injunction. Denied.

Talley & Lamb, of New York City, for the motion.

Dyke & Schaines, of New York City, opposed.

INCH, District Judge. This is a motion for an order "enjoining and restraining the defendants and each of them, their officers, agents, servants, and employees and successors, pending this suit and until the final determination thereof, from manufacturing or distributing or dealing in any manner or advertising or exhibiting or giving publicity in any form to or otherwise infringing complainant's rights under United States letters patent No. 1,349,241, dated August 10, 1920, and United States letters patent No. 1,412,-432, dated April 11, 1922."

The motion is made in a suit, at issue, in this court. The defendant opposes the motion on the ground that such relief should be granted plaintiff, if at all, only after the trial of the merits.

The facts alleged by plaintiff, as the cause of this controversy between the parties, are: That the plaintiff invented something and negotiated with defendants to manufacture and distribute same. That these negotiations "fell through." That defendant, having been thus placed in the position, by means of its making of dies and other apparatus, to so manufacture, etc., persisted in continuing such manufacture, etc., regardless of the failure of such negotiations and in the absence of any oral or written license or contract.

In other words, from the plaintiff's standpoint, there is no license or contract between him and the defendants and the defendants are infringing plaintiff's valid patents.

The defendants, however, contend that there is a license, between them and the plaintiff, but, if this is not found, then they have not infringed, and that the patents are both invalid.

On the argument, the court was in some doubt about its jurisdiction. It seems that plaintiff had brought an action in the state court, but had been denied entrance there at the instance of defendants, on the ground that his suit was one recognized exclusively by federal courts, to wit, a patent infringement suit. Accordingly, plaintiff has brought the present suit. On the argument, however, a good deal was made by defendants of the alleged license.

Both the plaintiff and the defendants are residents of the same state, to wit, the state of New York.

Where a licensee continues to work under a license, which has terminated, as though it were still in force, the licensor has the option to sue him as an infringer, or to sue him for the promised royalty. Ordinarily, where the suit is for royalties, it is one at law or in some cases in equity and jurisdiction of this court will depend on diversity of citizenship, etc. Where, however, the suit is for infringement of a patent, this court has jurisdiction because of the nature of the suit. Woodworth v. Weed, 1 Blatchf. 166, Fed. Cas. No. 18022; Sterling v. Plow-Works, 32 F. 290; Walker on Patents (5th Ed.) p. 371.

[1] Also, the question of jurisdiction, on such a motion as here, stands or falls on what plaintiff alleges in his bill. Lowry v. Hert (D. C.) 273 F. 698; The Fair v. Kohler Co., 228 U. S. 22, 33 S. Ct. 410, 57 L. Ed. 716.

Accordingly, while jurisdiction must be proved at the trial and cannot be assumed (California Co. v. Central Co. [C. C. A.] 206 F. 5, at page 11), the jurisdiction of this court to hear this preliminary motion must be determined from the bill of complaint.

The complaint filed January 19, 1928, sets forth the alleged ownership of letters patent, and alleges that the defendants have infringed. Plaintiff asks that defendants be enjoined from such infringement, and that they account for the *profits* made.

This is therefore a suit for infringement of plaintiff's patents, and this court apparently has jurisdiction of the motion, regardless of the incidental matters by which such infringement is alleged to have arisen.

[2] This being so, it is well settled that the various defenses here set up by defendant, though inconsistent with a license, may be set up by answer. Pelham v. Edelmyer, 15 F. 262; Beckwith Box Co. v. Gowdy (D. C.) 244 F. 805; Tate v. Baltimore & O. R. Co. (C. C. A.) 229 F. 141; Barber Co. v. Headley Co. (D. C.) 284 F. 177.

[3] The suit being for an infringement of patents, and defendants having the right to dispute the validity, as well as the alleged infringement of the patents, the sole remaining question is, Should this court interfere, before trial, by summary order, and give plaintiff all the relief to which he may be entitled after a trial of the issues, ending in a decree in his favor?

There has been no adjudication presented of either patent directly or indirectly. The papers presented on this motion cast no light on this issue. The courts have rarely granted such an injunction, and the tendency, if any, is not to do so. Palmer Co. v. Newton (C. C.) 73 F. 218; Hildreth v. Norton (C. C. A.) 159 F. 428; Hartford v. Western (C. C.) 172 F. 676, affirmed (C. C. A.) 194 F. 875; Cutter Co. v. Metropolitan Co. (C. C. A.) 275 F. 158; National Cash Co. v. Remington (C. C. A.) 266 F. 367.

The confusion on this motion apparently arises from these allegations, interwoven in the complaint, as to the alleged way in which the defendants obtained possession of the inventions and the natural appeal, on such alleged facts, to the sense of equity. But this is not a suit for breach of a license. It is a straight infringement suit. What may be ultimately proved on the trial is a different matter. Even the jurisdiction of the court may or may not then be found to depend on such proof. In this connection, see the right to then give a complete remedy, as indicated in such cases as Goldstein v. Whelan (C. C.) 62 F. 124; Ludwigs v. Payson Mfg. Co. (C. C. A.) 206 F. 64; Sprigg v. Fisher (D. C.) 222 F. 964, at pages 966, 967; K-W Ignition Co. v. Temco Co. (C. C. A.) 243 F. 588; Detroit Show Case Co. v. Kawneer (C. C. A.) 250 F. 234; Stark Bros. v. Stark, 255 U. S. 50, 41 S. Ct. 221, 65 L. Ed. 496.

There is no question raised here as to the solvency or ability to respond in damages on the part of defendants, nor is there anything in the papers by which I could anticipate such damages for the purpose of a bond, if such were proper.

While the motion for a preliminary injunction does not require the same showing as a final hearing (Brill v. Peckham, 189 U. S. 57, 63, 23 S. Ct. 562, 47 L. Ed. 706), yet I have been shown no case, nor have I been able to discover any, where simply the alleged reason for the alleged infringement in advance of some adjudication that there was such infringement resulted in a preliminary injunction. Nor is it the general policy of the federal courts to grant this remedy for reasons other than those recognized by the authorities above cited.

This does not mean that on certain undisputed facts some exceptional case might not be presented to a court which would require the intervention of the court, prior to a trial, in order to do equity, although such facts were not directly relevant to the question of whether or not a patent was valid or had been infringed. In this case, however, these very important but incidental allegations of plaintiff are apparently seriously disputed by defendant, and the question of whether there was or was not a right to manufacture, etc., by defendants, should not be decided on affidavits alone. Seibert Co. v. Detroit Co. (C. C.) 34 F. 216–222; U. S. v. Palmer, 128 U. S. 269, 9 S. Ct. 104, 32 L. Ed. 442; Keyes v. Eureka, 158 U. S. 150, 15 S. Ct. 772, 39 L. Ed. 929.

The real trouble here is in the slowness of a court calendar, a matter over which the court has no substantial control; the theory being, in the denial of such preliminary motions, that there will be a prompt trial of the issues. This theory is not always borne out by the fact.

Accordingly, I deny this motion, but without prejudice to a subsequent renewal thereof should it develop, when this case is finally reached for trial, and evidence is then shown the court by such renewed motion, that the defendants are unduly endeavoring to prevent a prompt trial of the issues.

Motion denied.